The appellant, Honorable James W. May, was convicted of interfering with judicial proceedings, an indirect contempt of court, § 13A-10-130, Code of Alabama 1975. He was fined $300 and was ordered to pay court costs.
In April 1990, James W. May, an attorney practicing in Baldwin County, was appointed by the Circuit Court for Baldwin County to represent an indigent defendant, David Taylor, who was charged with the offense of rape in the first degree. Attorney May represented the defendant at a youthful offender adjudication and at a trial that resulted in a deadlocked jury. A mistrial was declared and the case was restored to the court's docket.
May submitted to the court a voucher for services in the amount of $1305.00 and for expenses incurred in the amount of $174.35 for his representation of the defendant. The trial court reduced the amount of compensation for services to $1,000 and allowed no reimbursement for expenses. Thereafter, May filed a motion to withdraw as counsel and the court denied this motion. May then filed a motion for prior approval of the expenses that he expected to incur in the retrial of the defendant's case. (A 1984 amendment to § 15-12-21, "Appointment and compensation of counsel — Trial court" added to subsection (d) the following language: "Retrials of a case shall beconsidered *Page 1308 a new case." (Emphasis added.)) He contended in his motion that the statutory "cap" in § 15-12-21, the compensation statute for appointed attorneys in indigent cases, is unconstitutional. May further contends that expenses for "office overhead" are authorized by § 15-12-21, as "expenses reasonably incurred." The court denied the motion, stating that overhead expenses were not "expenses reasonably incurred," and were therefore not to be included within the compensation allowed by § 15-12-21. May then refused to proceed with the defendant's second trial and the court found him in contempt.
 I
The appellant presents several issues concerning Alabama's current system for compensating attorneys appointed in indigent cases, set forth in § 15-12-21, Code of Alabama 1975. This section provides in pertinent part:
 "(d) Counsel appointed in [indigent] cases . . . shall be entitled to receive for their services a fee to be approved by the trial court. The amount of such fee shall be based on the number of hours spent by the attorney in working on such case and shall be computed at the rate of $40.00 per hour for time expended in court and $20.00 per hour for time reasonably expended out of court in the preparation of such case. The total fees to any one attorney in any one case, from the time of appointment through the trial of the case, including motions for new trial, shall not, however, exceed $1,000.00, except as follows: In cases where the original case involves a capital offense or a charge which carries a possible sentence of life without parole, the limits shall be $1,000.00 for out-of-court work, plus payment for all in-court work, said work to be billed at the aforementioned rates. Counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in such defense to be approved in advance by the trial court. Retrials of a case shall be considered a new case."
(Emphasis added.)
The issue in this case is whether office overhead expenses constitute "expenses reasonably incurred" and are therefore reimbursable under § 15-12-21.
The appellant contends that his anticipated office overhead expenses for the second trial were "expenses reasonably incurred" in the defense of the defendant and that the court erred in finding that such expenses were not reimbursable. The state argues on appeal only that the appellant waived this issue because he failed to cite any legal authority in support of this contention, citing Vinzant v. State, 462 So.2d 1037
(Ala.Cr.App. 1984). This court has declined to follow Vinzant.
See Page v. State, 622 So.2d 441 (Ala.Cr.App. 1993), citingArnold v. State, 601 So.2d 145, 155 (Ala.Cr.App. 1992) (Bowen, J., writing for the majority).
In Robinson v. State, 584 So.2d 533 (Ala.Cr.App.), cert. denied, 584 So.2d 542 (Ala. 1991), this court said that §15-12-21(d) " 'clearly authorizes reimbursement for any expenses reasonably incurred in the defense of an indigent by a court appointed attorney.' " 584 So.2d at 537, quoting Baileyv. State, 421 So.2d 1364, 1367 (Ala.Cr.App. 1982).
 "Although § 15-12-21(d) authorizes payment of court-approved expenses, '[t]he trial judge must find some reasonable basis for the expenditure of state funds before he may authorize' payment under the statute, Wiggins v. State, 440 So.2d 1164, 1167
(Ala.Cr.App. 1983)."
Whittle v. State, 518 So.2d 793, 794 (Ala.Cr.App. 1987). (Emphasis in original.)
We hold that office overhead expenses are by law encompassed in the term "expenses reasonably incurred" as that term is used in § 15-12-21(d). The appellant is entitled to be compensated for his office overhead expenses reasonably incurred and reasonably calculated in representing the defendant at his second trial. As stated in § 15-12-21, payment of these expenses must be approved in advance.
 II
The appellant also contends that the "cap" of $1,000 provided in § 15-12-21 is unconstitutional. The appellant argues that *Page 1309 
this section violates the Due Process and Equal Protection Clauses of the United States Constitution. He also argues that the $1,000 cap constitutes an unlawful taking of property without just compensation.
One thing is certain: because the right to counsel is mandated by the constitution, no criminal may be lawfully convicted without being represented by counsel. Attorneys representing indigent defendants perform an absolutely essential service in our system of justice.
The Alabama Supreme Court in Ex parte Grayson, 479 So.2d 76
(Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189,88 L.Ed.2d 157 (1985), specifically held that Alabama's system for compensating appointed attorneys does not violate principles of due process or equal protection. Moreover, the Alabama Supreme Court in Sparks v. Parker, 368 So.2d 528 (Ala. 1979), appeal dismissed, 444 U.S. 803, 100 S.Ct. 22, 62 L.Ed.2d 16 (1979), held that § 15-12-21 does not constitute an unlawful taking of property in violation of the Fifth Amendment. All of the constitutional issues raised by the appellant have been reviewed and decided by the Alabama Supreme Court. Our court is bound by these decisions.
Section 12-3-16, Code of Alabama 1975, provides:
 "The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the supreme court as provided by constitutional amendment No. 328."
While setting a "cap" on the amount of money that appointed attorneys may receive for representing indigent defendants has been held to be constitutional, such a practice may become unconstitutional when the "cap" is set too low. A rule of law may be constitutional as written, but become unconstitutional in application. Sparks v. Parker and Ex parte Grayson were released in 1979 and 1985, respectively. In the meanwhile, inflation has diminished the purchasing power of the dollar and has therefore affected the fee amount set in § 15-12-21. This $1,000 "cap" for trial work was established in 1981. The real value of $1,000 is considerably less today than was intended when the statute was enacted and is certainly unreasonable. We urge the Supreme Court to grant certiorari review in this case and reconsider the constitutionality of the "cap" as now set by law.
For the reasons stated in part I above, we find that the court erred in not approving the appellant's request for reimbursement of expected office expenses. We therefore direct the Circuit Court for Baldwin County to set aside its finding of contempt on the part of Mr. May. We further direct that the court deal with all pending and future expense vouchers in a manner consistent with our holding in this case to include office overhead expenses within the term "expenses reasonably incurred."
REVERSED AND REMANDED.
All the Judges concur except MONTIEL, J., dissents with opinion.