672 So.2d 1310 (1995)
Ex parte State of Alabama.
Re James W. MAY
v.
STATE.
Ex parte James W. MAY.
Re James W. May
v.
State.
1930680, 1930683.
Supreme Court of Alabama.
December 22, 1995.
W. Donald Bolton, Jr., Foley, for James W. May.
Jeff Sessions, Atty. Gen., and Jean Williams Brown, Asst. Atty. Gen., for the State.
*1311 Mannon G. Bankston, Jr., Oxford; and William R. Blanchard (committee chairman), Montgomery, for Amicus curiae Alabama State Bar (Indigent Defense Committee), in support of May's petition.
James E. Boren, Baton Rouge, Louisiana, for Amicus curiae National Association of Criminal Defense Lawyers, in support of May's petition.
Thomas M. Goggans, Montgomery, for Amicus curiae Alabama Criminal Defense Lawyers Association.
Joel L. Sogol, Tuscaloosa, for Amicus curiae American Civil Liberties Union of Alabama.
COOK, Justice.
The writs of certiorari are quashed as having been improvidently granted.
The petitioner in case number 1930683, James W. May, contends that the imposition of a duty to represent indigent criminal defendants at rates currently limited by Ala. Code 1975, § 15-12-21(d), violates numerous constitutional provisions, including the prohibition against taking of property without just compensation, and he invites us to reexamine our holdings on these issues in Ex parte Grayson, 479 So.2d 76 (Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985), and Sparks v. Parker, 368 So.2d 528 (Ala.), appeal dismissed, 444 U.S. 803, 100 S.Ct. 22, 62 L.Ed.2d 16 (1979). We conclude that the facts and data presented in this case do not warrant reexamination of these issues at this time. Therefore, these writs are quashed.
WRITS QUASHED AS IMPROVIDENTLY GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, and INGRAM, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
Requiring attorneys to represent indigent defendants without compensating them adequately for their professional services has been a perennial problem for the state, as I wrote in a dissenting opinion in Sparks v. Parker, 368 So.2d 528 (Ala.1979); appeal dismissed, 444 U.S. 803, 100 S.Ct. 22, 62 L.Ed.2d 16 (1979). See 7A C.J.S. Attorney and Client § 299, n. 48 (Pocket Part) (1991).[1]
Although my position regarding the constitutionality of requiring attorneys of this state to furnish services without adequate compensation has not changed, I have not received much support for my position on this legal issue from either this Court, the Supreme Court of the United States, or other courts, state or federal, for that matter, but I still believe that my analysis of the issue in Sparks was correct.
I naturally disagree with the State's argument that the rationale in Sparks is constitutionally sound, but, in view of the fact that the United States Supreme Court refused to review Sparks, I see no reason to continue to *1312 dissent. I do enthusiastically support the decision of the majority to allow the opinion of the Court of Criminal Appeals to stand, thereby granting attorneys some relief so they can at least be reimbursed for the expenses they incur in representing indigent defendants. Therefore, I concur.
There seems to be growing sentiment for the position I stated in Sparks. See, Arnold v. Kemp, 306 Ark. 294, 813 S.W.2d 770, 780-81 (1991) (Newbern, J., concurring), modified, State v. Post, 311 Ark. 510, 845 S.W.2d 487 (1993); DeLisio v. Alaska Superior Court, 740 P.2d 437 (Alaska 1987); State ex rel. Stephan v. Smith, 242 Kan. 336, 747 P.2d 816 (1987); Makemson v. Martin County, 491 So.2d 1109 (Fla.1986).
In conclusion, I remind the reader of a statement often attributed to Abraham Lincoln: "A lawyer's time and advice are his stock in trade." It seems axiomatic that if the state appropriates that "stock in trade" without an adequate payment therefore, it has taken property without just compensation.
NOTES
[1] In my dissent in Sparks, I wrote:

"The majority's opinion is premised upon the erroneous concept `that representation of indigents under a court order without fee is a traditional obligation of the Bar and therefore a condition under which lawyers are licensed to practice as officers of the court.' There may be an `obligation of attorneys to serve indigents,' but, at most, it is only a moral obligation, not a legal one, unless the attorney is directed to perform such services by a court. If so directed, however, are attorneys required to serve without compensation? I think not. In any event, several attorneys have challenged the statement that they agreed to perform services free of charge as a condition of their licensure. They are now joined by the Alabama State Bar. The Alabama State Bar, in an amicus curiae brief in support of the application for rehearing, states:
"As was stated in the case of County of Dane v. Smith, [13 Wis. 585] Supreme Court of Wisconsin (1861), `We do not believe that the legislature have the power generally to say to the physician, the surgeon, the lawyer, the farmer, or anyone else, that he shall render this or that service, or perform this or that act in the line of his profession or business without remuneration.'"
"I agree. Can the state appropriate the services of a physician, a surgeon, a farmer or anyone else, without compensation? The answer is obviously in the negative. Neither should [an attorney] be forced to perform services as a public defender without just compensation."
368 So.2d at 534-35.