BUTTS, Justice.
Steve Franks, as conservator of the estate of Roger Franks, an incapacitated adult, petitions for a writ of mandamus directing Judge N. Pride Tompkins, of the Colbert Circuit Court, to set for trial the personal injury action based on injuries to Roger Franks. Judge Tompkins dismissed a wrongful death action based on the same accident that caused these personal injuries. Steve Franks appealed the dismissal, and we have this date released an opinion in that appeal. See Franks v. Norfolk Southern Ry., 679 So.2d 214 (Ala.1996). We remanded the wrongful death case for trial.
Mandamus is a drastic and extraordinary writ and will be issued only when there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala.1993). Mandamus is an extraordinary remedy to be employed to see that justice is done, but the writ of mandamus shall not issue if there is a doubt as to its necessity or propriety. Ex parte United Equitable Life Ins. Co., 595 So.2d 1373 (Ala.1992).
The trial court refused to set a trial date for the personal injury action, awaiting this Court’s determination of whether the dismissal of the wrongful death action was proper, so that if this Court reversed that dismissal the trial court could thereafter try both actions together. We have this day reversed the trial court’s dismissal of the wrongful death claim and remanded that cause for trial. Because the trial court’s reason for refusing to set a trial date in the personal injury action no longer exists, Franks may now move to set both cases for trial. Because he has this legal remedy, it would not be appropriate for this Court to issue an extraordinary writ in this matter.
WRIT DENIED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
MADDOX, J., concurs in the result.