The petitioner, Tony Barksdale, filed this petition for a writ of mandamus directing the Honorable Lewis H. Hamner, circuit judge for the Fifth Judicial Circuit, to approve the request by Barksdale's attorney, Thomas M. *Page 1030 
Goggans, for preapproval of a fixed hourly rate to be paid to Goggans for office expenses anticipated to be incurred in the defense of Barksdale's case. The petitioner, who is indigent, was charged with capital murder, and Mr. Goggans was appointed to represent him. Mr. Goggans filed a motion for approval of payment of his anticipated office overhead expenses, in addition to the statutory hourly rate, as permitted by May v.State, 672 So.2d 1307 (Ala.Cr.App. 1993), writ quashed,672 So.2d 1310 (Ala. 1995). The trial court informed Mr. Goggans that it would not consider the motion until he submitted an "attorney's fee declaration" at the conclusion of the trial. Mr. Goggans filed another request for office overhead expenses, and the court at this time ruled that Mr. Goggans was entitled to payment for his office overhead expenses. The court stated in its order: "At the conclusion of his representation of the defendant in this Court, the Court will approve overhead expenses reasonably incurred as an increment of the total fee approved, and will order reimbursement by the Comptroller." Mr. Goggans then filed this petition for a writ of mandamus asking us to order the trial court to approve a specific hourly amount to compensate him for office overhead.
There is no question that counsel appointed to represent an indigent defendant is entitled to expenses reasonably incurred in the representation of the defendant. See § 15-12-21, Code of Alabama 1975. This Court in May held that office overhead fell into the category of expenses reasonably incurred in the defense of a defendant. Furthermore, § 15-12-21 and May
specifically state that before counsel is entitled to reimbursement of these expenses, the court must approve these expenses in advance.
Section § 15-12-21, Code of Alabama 1975, provides in pertinent part:
 "(d) Counsel appointed in [indigent] cases . . . shall be entitled to receive for their services a fee to be approved by the trial court. The amount of such fee shall be based on the number of hours spent by the attorney in working on such case and shall be computed at the rate of $40.00 per hour for time expended in court and $20.00 per hour for time reasonably expended out of court in the preparation of such case. The total fees to any one attorney in any one case, from the time of appointment through the trial of the case, including motions for new trial, shall not, however, exceed $1,000.00, except as follows: In cases where the original case involves a capital offense or a charge which carries a possible sentence of life without parole, the limits shall be $1,000.00 for out-of-court work, plus payment for all in-court work, said work to be billed at the aforementioned rates. Counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in such defense to be approved in advance by the trial court. Retrials of a case shall be considered a new case."
(Emphasis added.)
An attorney general's opinion on this subject states: "Office overhead expenses claimed pursuant to § 15-12-21(d), Code ofAlabama 1975, must be approved by the trial court in advance of being incurred before such expenses may be reimbursed by the State Comptroller." Op. Atty. Gen., No. 96-191, p. 3 (April 19, 1996). This opinion implies, as does the statute, that a fixed amount must be preapproved by the court before expenses may be reimbursed by the State Comptroller's office. The court in this case did not approve any fixed amount, but instead stated that the appellant was entitled to be reimbursed at the conclusion of the trial for office overhead expenses.
We understand that a committee of interested parties is currently considering the matter of the reimbursement of office overhead expenses in indigent cases. However, as the attorney's general's opinion and the statute imply, some specificity is required before counsel can be reimbursed by the comptroller's office.
The best practice would be for counsel, when submitting a motion for preapproval of extraordinary expenses that relate to office overhead, to include a rough estimate of the hours counsel expects to spend on the case and an hourly rate that represents counsel's estimate of office overhead *Page 1031 
expenses incurred in the operation of counsel's law practice. Doing so will give the trial court a point of reference when considering motions for these type of extraordinary expenses. In this case, we are constrained to hold that the trial court here should have approved a specific hourly amount. The petitioner's petition for a writ of mandamus is due to granted in part. The trial court, when granting the request for preapproval of office overhead expenses, shall consider Goggan's request and make an appropriate determination of the specific hourly rate to be applied in this case.
PETITION GRANTED IN PART.
All the Judges concur. *Page 1032 
[EDITORS' NOTE: PAGES 1032-1038 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.]
 *Page 214