PER CURIAM.
Several circuit court judges, either active judges of the Mobile Circuit Court or retired judges assigned to try criminal cases in the Mobile Circuit Court, petitioned for a writ of mandamus directing the Court of Criminal Appeals to vacate its judgment in Ex parte Bush, 796 So.2d 383 (Ala.Crim.App. 1998). We grant the petition.
Section 15-12-21, Ala. Code 1975, sets out the procedure for appointing counsel for indigent criminal defendants and for compensating the lawyers for their services as appointed counsel.
Section 15-12-3 provides that, within each judicial circuit in Alabama, the presiding judge is to administer that circuit's indigent-defense system "pursuant to rule of the Supreme Court," and that "[c]ircuit courts may adopt rules, not in conflict with rules of the Supreme Court, to effectuate a system of indigent defense."
These petitioners adopted a "system of indigent defense" for Mobile County, including a schedule for reviewing attorney-fee declarations in criminal indigent-defense cases. According to the schedule, the responsibility for reviewing all fee declarations "rotates" among the circuit judges on an approximately annual basis. Thus, in Mobile County, indigent-defense fee declarations are submitted to the currently designated reviewing judge and to a *Page 392 
committee made up of five lawyers who practice criminal law in Mobile County. The designated judge reviews the committee's recommendations, independently reviews each fee declaration, then approves a fee, which is submitted to the State comptroller for payment.
The respondent, Peter Austin Bush, is a Mobile lawyer who accepts appointments to defend indigent criminal defendants. Judge Chris N. Galanos, a judge of the Mobile Circuit Court and one of the petitioners here,[1] reduced Bush's attorney-fee declarations in 11 indigent-defense cases. Bush filed with the Court of Criminal Appeals a petition for a writ of mandamus, challenging the legality of Mobile County's indigent-defense system and challenging Judge Galanos's reductions of Bush's fee declarations.
In response to Bush's mandamus petition, the Court of Criminal Appeals held, in Ex parte Bush, supra, that § 15-12-21
requires that attorney-fee declarations be submitted to the judge who heard the case, and that Judge Galanos did not have jurisdiction to consider fee declarations in cases that were not tried before him. The Court of Criminal Appeals also held that the Mobile Circuit Court's indigent-defense system conflicts with §15-12-21 and results in "arbitrary and capricious treatment" of attorney-fee declarations by allowing a judge who did not try a case to review the attorney-fee declaration in that case.
The Court of Criminal Appeals ordered Bush to submit supplemental fee declarations, and it ordered the judges who presided over the corresponding trials to review those declarations. The Court of Criminal Appeals also ordered that the Mobile Circuit Court revise its method for reviewing attorney-fee declarations in indigent-defense cases so that the judge who hears the case also reviews the fee declaration, so as to comply with §15-12-21.
Seven judges who heard criminal cases in the Mobile Circuit Court filed a de novo petition in this Court (see Rule 21(e)(1), Ala.R.App.P.), arguing that Bush's mandamus petition to the Court of Criminal Appeals was improper because, they contended, Bush had another adequate remedy available, an action pursuant to the Declaratory Judgment Act (§ 6-6-220 et seq., Ala. Code 1975). Further, the circuit judges argue, a declaratory-judgment proceeding would have provided a record for appellate review, which is absent in these mandamus proceedings. We agree with these contentions.
"Mandamus [is] an extraordinary remedy that will not be issued unless the [petitioner] has a clear, undisputable right to the relief sought . . . ." Ex parte Mobile Fixture Equip. Co.,630 So.2d 358, 360 (Ala. 1993). Mandamus is a remedy "employed to see that justice is done, but the writ of mandamus shall not issue if there is a doubt as to its necessity or propriety." Ex parteFranks, 679 So.2d 219, 220 (Ala. 1996). Indeed, we have held:
 "[The petitioner must show] `a clear legal right to the order sought; an imperative duty on the respondent to perform, accompanied by a refusal to do so; the lack of another adequate remedy; and properly invoked jurisdiction.' This Court will not issue a writ of mandamus unless, from a review of the record, it determines that the trial court acted in an arbitrary and capricious manner, thereby abusing its discretion."
Ex parte Metropolitan Life Ins. Co., 707 So.2d 229, 233 (Ala. 1997) (citations omitted), quoting Ex parte Holland,692 So.2d 811, 814 (Ala. 1997).
The lack of another adequate remedy is a prerequisite to the issuance of a *Page 393 
writ of mandamus. Ex parte Martin, 703 So.2d 883, 884 (Ala. 1996). Bush does not deny that a declaratory-judgment proceeding constitutes an available adequate remedy, but argues that had he sought a declaratory judgment and won, the likelihood is that the same issues presented by this mandamus petition would have been presented to this Court in an appeal by the losing party. Had the scenario presented by Bush occurred, this Court might have found itself faced with the same legal question; however, a critical difference would have existed: there would have been before this Court a fully developed record from a declaratory-judgment proceeding.
Section 6-6-223 provides that "[a]ny person . . . whose rights . . . are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." We therefore conclude that Bush had an "adequate legal remedy" available by a means other than a writ of mandamus, and that the Court of Criminal Appeals erred in granting Bush's petition. Although at oral argument of this case counsel for the petitioners informed this Court that Mobile's indigent-defense system has been revised to remedy the problems that were the basis for Bush's original petition to the Court of Criminal Appeals, we emphasize that § 6-6-223 clearly provides Bush with "another adequate remedy" and that remedy is not foreclosed to him by the decision in this case.
We also note that "properly invoked jurisdiction" — the fifth requisite for obtaining mandamus relief — is absent here. Ala. Const. 1901, Amend. No. 328, § 6.03, establishes the jurisdiction for Alabama's Courts of Appeals. That section provides, in pertinent part:
 "(c) The court of criminal appeals and the court of civil appeals shall have no original jurisdiction except the power to issue all writs necessary or appropriate in aid of appellate jurisdiction of the courts of appeals.
 "(d) The court of criminal appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Said court shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction; to punish for contempts by the infliction of a fine . . ., and to exercise such other powers as may be given to said court by law."
Section 12-3-9, Ala. Code 1975, provides that "[t]he Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases." Clearly, jurisdiction for Bush's mandamus petition was not proper in the Court of Criminal Appeals.
On the other hand, § 12-3-10 provides that "[t]he Court of Civil Appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000 . . . and all extraordinary writs arising from appeals in said cases." Thus, after litigation in the circuit court, a judgment in a declaratory-judgment action may be appealed to the Court of Civil Appeals.
We grant the petition for the writ of mandamus; the writ shall issue to the Court of Criminal Appeals, directing that court to vacate its judgment granting Bush's petition for the writ of mandamus. *Page 394 
PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Maddox, Houston, Cook, See, and Lyons, JJ., concur.
Brown* and Johnstone, JJ., recuse themselves.
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.
[1] Since this mandamus petition was filed, Judge Galanos has resigned.