829 So.2d 748 (2002)
G. Sage LYONS,[*] Director of Finance, et al.
v.
John NORRIS et al.
John Norris et al.
v.
G. Sage Lyons et al.
Robert Childree
v.
Michael Crespi.
Robert Childree
v.
Robert L. Turner.
G. Sage Lyons et al.
v.
Paul D. Brown.
1961601, 1961602, 1961603, 1961604, and 1961642.
Supreme Court of Alabama.
March 15, 2002.
*749 A. Lee Miller III, general counsel, Department of Finance; and Robert M. Weinberg, asst. atty. gen., for G. Sage Lyons and Robert L. Childree.
Michael Crespi, Dothan.
Thomas M. Goggans, Montgomery, for Paul D. Brown (brief filed in support of application for rehearing).
Allen W. Howell and Vonda S. McLeod of Shinbaum & Howell, P.C., Montgomery, for appellees/cross appellants.

On Application for Rehearing
MOORE, Chief Justice.
The opinion of November 30, 2001, is withdrawn and the following is substituted therefor.
The finance director and the comptroller for the State of Alabama (hereinafter collectively referred to as "the state officials") denied reimbursement for the office-overhead expenses of several attorneys who represented indigent criminal defendants. Those attorneys filed a declaratory-judgment action in Montgomery Circuit Court against the state officials, seeking a determination as to how the state officials were to comply with, and implement, the decision of the Court of Criminal Appeals in May v. State, 672 So.2d 1307 (Ala.Crim. App.1993). The attorneys also filed in the trial court a petition for a writ of mandamus, asking the court to compel the state officials to reimburse the attorneys retroactively for overhead expenses they had "incurred" in representing indigent criminal defendants. One of the attorneys sued the comptroller in his individual capacity for negligence and wantonness, while another one of the attorneys sought certification of a putative class consisting of all attorneys appointed pursuant to § 15-12-21, Ala.Code 1975, to represent indigent criminal defendants.
The trial court consolidated these related cases and conducted a hearing on the issue of class certification. The parties submitted the case on stipulated facts and briefs. In its order dated May 5, 1997, the trial court issued a writ of mandamus, instructing the state officials to "approve all Attorney Fee Declarations that include Orders approving `office overhead expenses' filed prior to or contemporaneously with the Attorney Fee Declaration." The trial court also denied class certification with respect to a class of "all attorneys licensed and practicing in the State of *750 Alabama since September 3, 1993, who accepted the representation of indigent criminal defendants ... and who submitted fee and expense vouchers [containing] court approved sums for `office overhead expenses' pursuant to ... May." The trial court's order, however, did not dispose of case no. CV-96-2266 (case no. 1961604 on appeal). On May 27, 1999, the trial court dismissed case no. CV-96-2266.
The state officials appealed from the trial court's judgment entered in favor of the attorneys, and listed case no. CV-96-2266 (case no. 1961604 on appeal) as one of the cases appealed from. As to the appeals in case no. 1961601, no. 1961602, and no. 1961603, we reverse and remand. Because the state officials' appeal in case no. CV-96-2266 (case no. 1961604 on appeal) is from a nonfinal order, we dismiss that appeal. The attorneys cross-appealed from the trial court's order denying class certification (case no. 1961642). As to the cross-appeal, we affirm.

I.
Because the facts are not in dispute and because we are presented with pure questions of law, the trial court's judgment is accorded no presumption of correctness. This Court's review of the application of the law to the undisputed facts is de novo. See Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997); Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994).

II.
In May, supra, the Court of Criminal Appeals, with one judge dissenting, held that "office overhead expenses are by law encompassed in the term `expenses reasonably incurred' as that term is used in § 15-12-21(d)[, Ala.Code 1975]," and that the appellant in that case, an attorney appointed to represent indigent criminal defendants, was "entitled to be compensated for his office overhead expenses reasonably incurred and reasonably calculated in representing" the defendant, who was indigent. 672 So.2d at 1308. This Court granted certiorari review in that case but subsequently quashed the writs as improvidently granted. May v. State, 672 So.2d 1310 (Ala.1995). Subsequently, in Ex parte Smith, 698 So.2d 219, 224 (Ala.1997), this Court agreed with the Court of Criminal Appeals that § 15-12-21, Ala.Code 1975, authorizes payment to a court-appointed attorney for overhead expenses reasonably incurred in the defense of an indigent defendant. However, as expressed in both § 15-12-21 and May, before counsel is entitled to be reimbursed for those expenses, the trial court must approve the expenses in advance.
At the time the attorneys commenced this action, § 15-12-21(d), Ala.Code 1975, provided as follows:
"(d) Counsel appointed in [indigent] cases ... shall be entitled to receive for their services a fee to be approved by the trial court. The amount of such fee shall be based on the number of hours spent by the attorney in working on such case and shall be computed at the rate of $40.00 per hour for time expended in court and $20.00 per hour for time reasonably expended out of court in the preparation of such case. The total fees to any one attorney in any one case, from the time of appointment through the trial of the case, including motions for new trial, shall not, however, exceed $1,000.00, except as follows: In cases where the original case involves a capital offense or a charge which carries a possible sentence of life without parole, the limits shall be $1,000.00 for out-of-court work, plus payment for all in-court work, said work to be billed at the aforementioned rates. Counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in such defense to be approved in advance by the *751 trial court. Retrials of a case shall be considered a new case."
(Emphasis added.)[1]
The current dispute turns on the meaning attributed to the phrase "approved in advance by the trial court." The attorneys argue that that phrase allows the trial court to approve their expenses at any point before they submit their claims for payment. They contend that because the trial court ultimately approved their overhead expenses, the comptroller must reimburse them for those expenses. The state officials argue that the statute requires the trial court to enter an order approving the expenses before they incur those expenses, and that because the trial court failed to do so in these cases, the state officials properly denied the attorneys' claims.
When a court construes a statute, "[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). Here, the plain language of § 15-12-21(d), Ala.Code 1975, requires that a claim for "any expenses reasonably incurred," be "approved in advance by the trial court." The operative words of this statutory provision, for purposes of this issue, are "any expenses," "reasonably incurred," and "approved in advance." Thus, the trial court's advance approval necessarily relates to incurring expenses. In other words, the plain language of § 15-12-21(d) indicates that an order approving *752 the expense must be entered before the expense is incurred. The language of § 15-12-21(d) cannot support a different result.
Even May, supra, recognized this result: "`Although § 15-12-21(d) authorizes payment of court-approved expenses, "[t]he trial judge must find some reasonable basis for the expenditure of state funds before he may authorize" payment under the statute, Wiggins v. State, 440 So.2d 1164, 1167 (Ala.Crim.App.1983).'" May v. State, 672 So.2d at 1308, quoting Whittle v. State, 518 So.2d 793, 794 (Ala.Crim.App. 1987) (emphasis omitted; emphasis added). See Nicks v. State, 783 So.2d 895, 921 (Ala.Crim.App.1999); Fisher v. State, 587 So.2d 1027, 1031 (Ala.Crim.App.1991).
This interpretation is further supported by the Court of Criminal Appeals' decision in Ex parte Barksdale, 680 So.2d 1029 (Ala.Crim.App.1996). That case quoted with approval an Alabama attorney general's opinion on this very subject: "`Office overhead expenses claimed pursuant to § 15-12-21(d), Code of Alabama 1975, must be approved by the trial court in advance of being incurred before such expenses may be reimbursed by the State Comptroller.'" 680 So.2d at 1030, quoting Op. Att'y Gen. No. 96-191, p. 3 (April 19, 1996) (emphasis added). The Court of Criminal Appeals concluded: "This [attorney general] opinion implies, as does the statute, that a fixed amount must be preapproved by the court before expenses may be reimbursed by the State Comptroller's office." 680 So.2d at 1030 (emphasis added).
This interpretation is consonant with our Rules of Criminal Procedure. Rule 6.4(g), Ala.R.Crim.P., defines the term "compensation for services," for which a private attorney representing an indigent client is entitled to be reimbursed, to include "any reasonable expenses necessarily incurred by appointed counsel in defense of an indigent client, including fees and expenses of expert or professional persons, provided that the incurring of such expenses has been approved in advance by the judge presiding...." (Emphasis added.) This result is further supported by our courts' historical application of § 15-12-21(d). See Ex parte State, 662 So.2d 1189 (Ala. 1995); Nicks v. State, 783 So.2d 895 (Ala. Crim.App.1999); McLeod v. State, 581 So.2d 1144 (Ala.Crim.App.1990); McGahee v. State, 554 So.2d 454 (Ala.Crim.App.), aff'd, 554 So.2d 473 (Ala.1989); Whittle v. State, 518 So.2d 793 (Ala.Crim.App.1987); Tarver v. State, 500 So.2d 1232 (Ala.Crim. App.), aff'd, 500 So.2d 1256 (Ala.1986); Hold v. State, 485 So.2d 801 (Ala.Crim. App.1986); Jackson v. State, 516 So.2d 726 (Ala.Crim.App.1985); McKinley v. State, 441 So.2d 1040 (Ala.Crim.App.1983); Dutton v. State, 434 So.2d 853 (Ala.Crim.App. 1983); Wiggins v. State, 440 So.2d 1164 (Ala.Crim.App.1983); Whisenhant v. State, 482 So.2d 1225 (Ala.Crim.App.1982); Bailey v. State, 421 So.2d 1364 (Ala.Crim.App. 1982).
The logic for having expenses approved in advance is obvious: The Alabama Legislature and this Courtin Rule 6.4(g) intended that both the nature and the amount of the expenditure be regulated by specific fee limitations and, in regard to expenses reasonably incurred, by the scrutiny of the trial judge. This requirement protects trial counsel from incurring expenses that a trial judge may not later approve, either because of the nature or the amount of the expense, and protects Alabama taxpayers from excessive and unnecessary fees and expenses. In this very context, this Court has previously stated, "[W]e believe that the trial court ... can adequately protect taxpayers from unwise expenditures of money while at the same time protecting the constitutional rights of indigent defendants." Ex parte Moody, 684 So.2d 114, 121 (Ala.1996).
*753 The attorneys rely on § 15-12-21(e), Ala.Code 1975, to support their argument that the trial court may, even after a final judgment has been entered, approve an attorney's motion for expenses. At the time relevant to these actions, § 15-12-21(e), Ala.Code 1975, read:
"Within a reasonable time after the conclusion of the trial ..., counsel shall submit to the trial court a bill for services rendered, ... and such bill, if approved by the trial court, shall be submitted by the clerk of the court to the State Comptroller for audit and allowance and, if approved by the Comptroller, shall be forwarded to the State Treasurer for prompt payment."
The attorneys' reliance on this section is misplaced, however, because § 15-12-21(e) is not applicable to expenses. Section 15-12-21(e) clearly states that upon the trial court's entry of judgment, counsel shall submit to the trial court a bill for services rendered. This section says nothing about providing for expenses, which are specifically addressed by § 15-12-21(d).[2] The plain language of § 15-12-21(d) indicates that an order approving an expense must be entered before counsel incurs the expense.

III.
The attorneys argue that the state officials do not have the authority to question the validity of the trial judge's determination that the trial judge provided "approval in advance." The attorneys' precise argument on this point is somewhat unclear; however, the attorneys, in making their argument, state that "[a]s long as the trial court approves a `May' motion for `office overhead expenses' prior to the submission of an appointed attorney's fee and expense voucher, such approval relates back to the date of appointment of such attorney." The essence of the attorneys' argument appears to be that the comptroller is without authority to question the validity of claims submitted to his office for payment.
Section 41-4-50(4), Ala.Code 1975, imposes a duty upon the comptroller to
"preaudit and determine the correctness and legality of every claim and account submitted for the issuance of a warrant and to determine that funds have been appropriated and allotted and are then available in the State Treasury for the payment of such claim or account before any warrant on the State Treasury shall be issued...."
Here, the plain language of the statute provides that before the comptroller can issue any warrant on the state treasury, the comptroller must determine that the claim is funded, correct, and legal. If it is not, then he cannot issue the warrant.[3]
"`It is the duty of the Comptroller, before issuing a warrant for the payment of an account against the state, to make an administrative determination that the money is in the state treasury, that an appropriation has been made by law to pay the account, and that the expenditure is within the law.... The Comptroller has no authority to supervise the operation of other state officers or state agencies.... Neither does he have the power to veto their action in the performance of their legal duties. On the other hand, the duty of the Comptroller to audit, adjust and settle the accounts of all officers of the state ... would be destroyed if the Comptroller is required *754 to pay all bills approved by all state officers without exercising any power to ascertain that the proposed expenditure of state funds is authorized by law.
"So long as an expenditure is within the lawful power of another officer, the Comptroller has no authority to, in any manner or to any degree, control the exercise of the official discretion of that officer in the expenditure of state funds. But if any state agency exceeds its lawful power or goes outside the scope of the discretion vested in it by law in incurring obligations, it is the duty of the Comptroller to refuse to issue state warrants in payment of such obligations.
"`The complexity of modern government is such that it is not infrequent that questions arise as to the proper construction of statutes authorizing and regulating the expenditure of state funds.... If the Comptroller is convinced that another state officer or agency has exceeded its lawful powers in incurring a bill against the state, it is the duty of the Comptroller to refuse to issue a warrant for the payment of that bill from state funds until such time as there has been a determination of the question. In many instances such determination is accomplished by an opinion of the Attorney General. However, the Comptroller has the legal right to refuse to be a party to a disbursement of public funds which he considers illegal until there has been a judicial determination of the validity of the proposed expenditure.'"
Florida Export Tobacco Co. v. Department of Revenue, 510 So.2d 936, 945-46 (Fla. Dist.Ct.1987), quoting Florida Dev. Comm'n v. Dickinson, 229 So.2d 6, 8 (Fla. Dist.Ct.1969), cert. denied, 237 So.2d 530 (Fla.1970). See Bullock v. Calvert, 480 S.W.2d 367 (Tex.1972); Almond v. Gilmer, 188 Va. 1, 3-5, 49 S.E.2d 431, 433-34 (1948); State ex rel. Arthur Kudner, Inc. v. Lee, 150 Fla. 35, 7 So.2d 110 (1942).[4] See also Kimbrell v. State, 272 Ala. 419, 132 So.2d 132 (1961).
"We note that the State's obligation to pay counsel fees and litigation expenses under Public Officers Law § 17 is limited to those costs which are `reasonable.'... Fees and expenses which are unreasonable are `clearly prohibited by law.'... Therefore, if the State can prove that the Comptroller's audits and payments of claimant's vouchers contained payments for unreasonable legal fees and expenses, their `validity may be controverted notwithstanding the audit[s].'"
Slate v. State, 284 A.D.2d 767, 769-70, 728 N.Y.S.2d 523, 525 (2001).
Where there has been a funded, correct, and lawful appropriation, the comptroller has no authority to disallow payment. However, we have determined that the attorneys do not have a clear legal right to reimbursement of their overhead expenses under the circumstances presented here.
Strictly speaking, the attorneys' complaints were not actions against the State for the recovery of money; rather, they were actions against the state officials predicated on the assertion that the attorneys possessed a clear legal right to the reimbursement of overhead expenses. However, the claims submitted were denied because they had not been approved in advance as required by § 15-12-21(d), Ala.Code 1975. Because the state officials were acting within the scope of their authority in auditing and disallowing payments not approved in the manner set forth in § 15-12-21(d), the trial court's *755 judgment in favor of the attorneys is reversed and the cause remanded for proceedings consistent with this opinion. The trial court's order denying class certification is affirmed.
OPINION OF NOVEMBER 30, 2001, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED.
1961601REVERSED AND REMANDED.
1961602REVERSED AND REMANDED.
1961603REVERSED AND REMANDED.
1961604APPEAL DISMISSED.
1961642AFFIRMED.
BROWN and STUART, JJ., concur.
HOUSTON, SEE, LYONS, HARWOOD, and WOODALL, JJ., concur specially.
JOHNSTONE, J., concurs in part and dissents in part in the judgment and concurs in overruling the application for rehearing.
SEE, Justice (concurring specially).
I concur in overruling the application for rehearing for the reasons stated in Justice Johnstone's special writing.
HARWOOD, Justice (concurring specially).
I write to note that I do not concur in that part of the discussion in footnote 1 of the majority opinion that begins, "Although whether these fees are actually incurred...." Because I do not believe that that part of the discussion in footnote 1 is necessary to the result or the rationale of the opinion, and because I prefer to await the presentation to this Court of an actual case involving the issues discussed before expressing an opinion on them, I concur in only approximately the first half of footnote 1; in all other aspects of the opinion, I concur.
HOUSTON, LYONS, and WOODALL, JJ., concur.
JOHNSTONE, Justice (concurring in part and dissenting in part in the judgment and concurring in overruling the application for rehearing).
I concur in the affirmance of the denial of the motion for class certification. I respectfully dissent, however, from the reversal of the writ of mandamus issued by the trial court.
The critical sentence in the critical statute, § 15-12-21(d), Ala.Code 1975, reads:
"Counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in the defense of his or her client, to be approved in advance by the trial court." (Emphasis added.)
The issue is, "in advance" of what? The verb form "to be approved" connotes future approval rather than past-perfect approval, just as the verb form "to be reimbursed" connotes future reimbursement. The only past tense verb is "incurred." Therefore, the sequence most likely intended by the legislature is incurred, approved, reimbursed.
A trial judge is perfectly able to protect the State treasury following this sequence and is better able to ensure fair treatment of defense counsel for indigent defendants. This construction would not prevent a trial judge from telling defense counsel that, if they would rather be safe than sorry, they should try to get approval before incurring the expenses. Likewise, this construction would not prevent defense counsel from trying to get approval of expenses before they were incurred to avoid the risk of disappointment.
I concur in overruling the application for rehearing only because Paul D. Brown, the *756 only person who applied for a rehearing, was never properly before this Court on appeal because the trial judge had not entered a final judgment or order in Mr. Brown's case (our case no. 1961604) when these consolidated appeals came to us and, when the trial judge subsequently and eventually did dismiss Mr. Brown's complaint in his case, he did not appeal the dismissal. For the same reason I concur in the revision to the main opinion reflecting that the appeal in Mr. Brown's case (no. 1961604) is dismissed.
NOTES
[*] G. Sage Lyons is no longer the director of finance. His successor has been "automatically substituted" as a party. See Rule 43(b), Ala.R.App.P.
[1] In June 1999, the Alabama Legislature passed the "Investment in Justice Act of 1999." Act No. 99-427, 1999 Ala. Acts. In pertinent part, Act No. 99-427 substantively amended § 15-12-21 to increase attorney fees for appointed work at the trial level. Under the Act, the rate of compensation for attorneys representing indigent criminal defendants was increased to $40 per hour for out-of-court time and $60 per hour for in-court time. The fee limits, which have been increased substantially, are now based on the severity of the crime, and there is no limit on the total fee that can be paid to an attorney representing a defendant charged with a capital offense or with an offense that carries a possible sentence of life imprisonment without parole. Section 15-12-21, as amended, also specifies that "the court for good cause shown may approve an attorney's fee in excess of the maximum amount allowed." Section 15-12-21 now provides that to be reimbursable, any expenses incurred must be incurred, specifically, "in the defense of his or her client." Here, the attorneys seek reimbursement for office-overhead expenses, including but not limited to: professional license fees; malpractice, casualty, health, general-liability, and workers' compensation insurance; office salaries; ad valorem taxes; office supplies; postage and express-delivery charges; depreciation for office equipment and furniture; local and long-distance telephone charges; "CLE expenses, including travel and lodging for out-of-town seminars (incurred one or more times per year)"; utilities; various bank fees and interest on business loans; and other professional fees. Although whether these fees are actually incurred "in the defense of [an attorney's] client" is highly questionable, that issue is not presently before this Court. Neither does this Court have before it the question of the applicability of Act No. 99-427 to office-overhead expenses. However, the change in language in Act No. 99-427 from "any expenses reasonably incurred in such defense" to "any expenses reasonably incurred in the defense of his or her client," prohibits reimbursement of office-overhead expenses based on calculations of the pro rata cost of an attorney's criminal practice compared to his overall practice. At the same time, it precludes advance calculations of office-overhead expenses for a specific criminal defendant. The increase in fees, together with the ability of the courts to approve fees in excess of the mandated maximum "for good cause shown," further indicates the Legislature's intent to eliminate reimbursement for "office-overhead expenses" under Act No. 99-427.
[2] The phrase "if approved by the Comptroller," 15-12-21(e), Ala.Code 1975, is likewise meaningful because it denotes a precondition or a contingent right to receive payment.
[3] To assist him in his duties, the comptroller may also require proof from the claimants concerning the propriety of their submissions. § 41-4-61, Ala.Code 1975.
[4] We note that the state officials withheld payment only after expressing their concerns and receiving a legal opinion from the attorney general regarding the propriety of pursuing such a course of action.