On April 17, 2003, Ruben Corey McNabb petitioned the Court of Criminal Appeals for a writ of mandamus ordering the trial court to approve payment of a trial transcript. The Court of Criminal Appeals did not address the merits of the petition. Instead, the Court of Criminal Appeals transferred the petition to this Court for us to decide whether the Court of Criminal Appeals has jurisdiction to issue writs of mandamus addressing the payment of extraordinary trial expenses. *Page 1167 
We return the petition to that court because the transfer was improper.
McNabb was arrested and charged with the June 7, 2001, robbery of a grocery store in Dothan. Authorities later located McNabb in Florida and extradited him to Alabama, where he was indicted by a grand jury. Shortly before McNabb's trial began, the Houston Circuit Court granted McNabb indigent status.
At the conclusion of McNabb's trial, the jury deliberated for several hours, but subsequently informed the trial court that it was hopelessly deadlocked. The trial court polled the jury and determined that, in fact, the jury was deadlocked. As a result, the court declared a mistrial.
On February 26, 2003, McNabb's attorney filed a motion for extraordinary expenses to pay for a transcript of the trial.[1] McNabb's attorney stated that the transcript was needed for rebuttal and cross-examination in McNabb's second trial. The cost of the transcript would have amounted to $800. The trial court denied the motion. McNabb's attorney attempted, to no avail, to reach a compromise with the trial court regarding the request for payment. On April 15, 2003, the court reporter informed McNabb's attorney that she had been advised by the presiding judge of the circuit that the audiotapes of McNabb's first trial could not be released for use in a subsequent trial.
In reviewing McNabb's petition for the writ of mandamus, the Court of Criminal Appeals determined that the issue of jurisdiction was not clear. It issued an order purporting to transfer the petition to this Court and stating:
 "In Ex parte Smith, 794 So.2d 1089 (Ala. 2001), the Alabama Supreme Court held that this Court did not have jurisdiction to consider a similar mandamus petition. In Smith, the circuit court ordered the Montgomery Police Department to provide Smith a free copy of tapes that he sought in a capital case. The State filed a mandamus petition in this Court arguing that those type of expenses were expenses contemplated under § 15-12-21(d), Ala. Code 1975, and were recoverable by defense counsel at the end of the case. We granted mandamus relief. Smith filed a similar petition in the Alabama Supreme Court. The Supreme Court set aside our order granting relief and held that we did not have jurisdiction to consider the mandamus petition. The Court noted that the Court of Civil Appeals was the proper court to consider the case. See also Ex parte Galanos, 796 So.2d 390
(Ala. 2000).
 "However, in Ex parte Barksdale, 680 So.2d 1029
(Ala.Crim.App. 1996), this Court entertained a mandamus petition filed by an attorney challenging the ruling on his request for preapproval of extraordinary expenses in a criminal case. This case has recently been cited by the Alabama Supreme Court. See Lyons v. Norris, 829 So.2d 748 (Ala. 2002)."[2] *Page 1168 
Turning first to the propriety of the transfer, § 12-1-4, Ala. Code 1975, allows a court of appeals to transfer a case to the Supreme Court if the case is one "which should have gone to the Supreme Court." Additionally, § 12-3-14, Ala. Code 1975, allows a transfer from the Court of Criminal Appeals to the Supreme Court if the Chief Justice of the Supreme Court and the presiding judge of the Court of Criminal Appeals "in writing designate" that the "case in the Court of Criminal Appeals . . . be transferred to the Supreme Court for hearing and final determination." The purported transfer in this case does not satisfy the requirements of either § 12-1-4 or § 12-3-14, Ala. Code 1975. See Gill v. Burrell, 874 So.2d 1072 (Ala. 2003).
McNabb's petition does not present an issue that should have been initially presented to this Court.[3] Neither has the Chief Justice of this Court and the presiding judge of the Court of Criminal Appeals requested that this case be decided by the Supreme Court as opposed the Court of Criminal Appeals.
Turning to the remaining question of the proper forum for McNabb's petition, this Court, in Ex parte Smith,794 So.2d 1089, 1093 (Ala. 2001), applying the rationale of Ex parteGalanos, 796 So.2d 390, 393 (Ala. 2000), held, under the circumstances presented there, that the Court of Civil Appeals was the proper appellate court to issue a writ of mandamus addressing the payment of a defense counsel's fees because the matters in issue were not appealable to the Court of Criminal Appeals. Smith, 794 So.2d at 1093. In Galanos, counsel for several indigent defendants in criminal cases, upon conclusion of his services, applied for payment of attorney fees and for reimbursement of his expenses; he then challenged the trial court's award of those fees and expenses as inadequate. InSmith, the State challenged the trial court's requirement that copies of discovery materials be furnished to the defendant at the expense of the State and contended that counsel should pay in advance and obtain reimbursement later, in accordance with Ala. Code 1975, § 15-12-21. In both Galanos and Smith this Court held that the Court of Criminal Appeals lacked jurisdiction in those cases. Also, in both Galanos and Smith the issues did not implicate the defendants' right to a fair trial. InGalanos, the criminal cases were concluded. In Smith, the defendant was going to receive a copy of the evidence before trial and the issue was whether counsel would be required to advance the costs of *Page 1169 
the discovery being turned over before the trial and be reimbursed later or whether the State would pay for the copy of such discovery before it was delivered to the defendant.
In the posture here presented, the trial court has denied the motion for extraordinary expenses. Presumably, its ruling is simply a refusal to require the State to pay the expense before the trial and does not reach the issue of preapproval of expenses under § 15-12-21(d). Nevertheless, this case differs from Smith
in that, unlike in Smith, we cannot say, at this stage of the proceedings, that McNabb will have access to the requested materials before the trial.
Amendment No. 328, § 6.03(d), Ala. Const. 1901, provides:
 "The court of criminal appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Said court shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction. . . ."
Because the Court of Criminal Appeals has jurisdiction to hear a petition for the writ of mandamus "in relation to matters in which said court has appellate jurisdiction" (§ 6.03), and because the right of a defendant to a fair trial if the requested transcript is not available is an issue as to which that court has appellate jurisdiction, the Court of Criminal Appeals has jurisdiction to deal with the issue presented in McNabb's petition filed before it. Whether there is any merit in the petition or whether appeal is an adequate remedy is a matter we do not address.
Because the transfer of this petition to this Court was improper, the petition is returned to the Court of Criminal Appeals for proceedings consistent with this opinion.
PETITION RETURNED TO THE COURT OF CRIMINAL APPEALS.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Ala. Code 1975, § 15-12-21(d), provides, "Counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in the defense of his or her client, to be approved in advance by the trial court." McNabb's motion does not speak in terms of subsequent reimbursement, nor does it refer to § 15-12-21(d).
[2] The Court of Criminal Appeals' reference to Lyons v.Norris, 829 So.2d 748 (Ala. 2002), is misplaced. In Lyons, we cited Ex parte Barksdale, 680 So.2d 1029 (Ala.Crim.App. 1996), for the limited premise that payment of expenses for an indigent client must be preapproved. Lyons does not support or even address the jurisdictional issues presented by Barksdale. As a result, there is no conflict between the reference to Ex parteBarksdale in the more recent case of Lyons and our holdings inSmith and Galanos.
[3] Section 12-2-7, Ala. Code 1975, outlines the jurisdiction of this Court:
"The Supreme Court shall have authority:
 "(1) To exercise appellate jurisdiction coextensive with the state, under such restrictions and regulations as are prescribed by law. . . .
 "(2) To exercise original jurisdiction in the issue and determination of writs of quo warranto and mandamus in relation to matters in which no other court has jurisdiction.
 "(3) To issue writs of injunction, habeas corpus, and such other remedial and original writs as are necessary to give to it a general superintendence and control of courts of inferior jurisdiction.
 "(4) To make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts. . . .
 "(5) To punish for contempts by the infliction of a fine not exceeding $100, and imprisonment not exceeding 10 days or both.
 "(6) To transfer to the Court of Civil Appeals, for determination by that court, any civil case appealed to the Supreme Court and within the appellate jurisdiction of the Supreme Court. . . ."
(Emphasis added.)