955 So.2d 476 (2006)
Ex parte State of Alabama.
(In re STATE of Alabama
v.
John Randall ISBELL).
CR-05-2011.
Court of Criminal Appeals of Alabama.
October 20, 2006.
*477 Tim Morgan, district atty., and Jay E. Town, asst. district atty., Huntsville, for petitioner.
Phillip B. Price, Sr., Huntsville, for respondent John Randall Isbell.
Judge Karen K. Hall, Huntsville.
Mary A. Rhodes, for amicus curiae Alabama Department of Forensic Sciences, in support of the petitioner.
PER CURIAM.
The District Attorney for the Twenty-third Judicial Circuit filed this petition for a writ of mandamus directing Judge Karen Hall to vacate her discovery order in John Randall Isbell's case. On January 20, 2004, Isbell was arrested for driving under the influence of alcohol ("DUI") and for failing to yield the right of way. He was administered a breath-alcohol-analysis test using a Draeger brand device. The test revealed that Isbell's blood-alcohol level was .22.
Isbell pleaded guilty in the Madison District Court to DUI and failing to yield the right of way. Isbell appealed to the circuit court for a trial de novo. Isbell then filed several discovery motions requesting information concerning the "Draeger Device, its complete history of malfunctions, repairs or reports of malfunctions." After a hearing, Judge Hall granted Isbell's discovery request. The State then filed this mandamus petition. The Department of Forensic Sciences ("DFS") has filed an amicus curiae brief in this case.
The State does not contest Isbell's right to access to the information that is the subject of the challenged discovery order. The issue is who should bear the cost and responsibility of collecting and copying the data  DFS or Isbell.
Before we consider this petition for a writ of mandamus we must first determine whether this Court has jurisdiction to entertain this extraordinary petition. "[T]o activate this court to superintend a lower court, the petitioner must, inter alia, show that the writ sought is in relation to a matter in which this court has appellate jurisdiction." Ex parte Goodman, 43 Ala.App. 183, 184, 185 So.2d 146, 148 (1966). This Court has a duty to notice jurisdictional defects ex mero motu. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
*478 Traditionally we would have held that jurisdiction of a petition for the writ of mandamus in a criminal matter seeking the relief sought here was proper in this Court because this issue arose out of a criminal case. See § 12-3-9, Ala.Code 1975. However, the Alabama Supreme Court has issued several opinions addressing the scope of this Court's jurisdiction to entertain a mandamus petition. See Ex parte McNabb, 879 So.2d 1166 (Ala.2003); Ex parte Smith, 794 So.2d 1089 (Ala.2001); Ex parte Galanos, 796 So.2d 390 (Ala. 2000).
In McNabb, the Alabama Supreme Court considered the appropriate appellate court to entertain a mandamus petition asking the appellate court to vacate an order of the circuit court denying a pretrial motion for expenses associated with obtaining a transcript of McNabb's original trial, which had ended in a mistrial. The Supreme Court, distinguishing its earlier decisions, held that the Court of Criminal Appeals had jurisdiction to entertain the petition. The Supreme Court stated the following rationale for its holding:
"[T]his Court, in Ex parte Smith, 794 So.2d 1089, 1093 (Ala.2001), applying the rationale of Ex parte Galanos, 796 So.2d 390, 393 (Ala.2000), held, under the circumstances presented there, that the Court of Civil Appeals was the proper appellate court to issue a writ of mandamus addressing the payment of a defense counsel's fees because the matters in issue were not appealable to the Court of Criminal Appeals. Smith, 794 So.2d at 1093. In Galanos, counsel for several indigent defendants in criminal cases, upon conclusion of his services, applied for payment of attorney fees and for reimbursement of his expenses; he then challenged the trial court's award of those fees and expenses as inadequate. In Smith, the State challenged the trial court's requirement that copies of discovery materials be furnished to the defendant at the expense of the State and contended that counsel should pay in advance and obtain reimbursement later, in accordance with Ala.Code 1975, § 15-12-21. In both Galanos and Smith this Court held that the Court of Criminal Appeals lacked jurisdiction in those cases. Also, in both Galanos and Smith the issues did not implicate the defendants' right to a fair trial. In Galanos, the criminal cases were concluded. In Smith, the defendant was going to receive a copy of the evidence before trial and the issue was whether counsel would be required to advance the costs of the discovery being turned over before the trial and be reimbursed later or whether the State would pay for the copy of such discovery before it was delivered to the defendant.
"In the posture here presented, the trial court has denied the motion for extraordinary expenses. Presumably, its ruling is simply a refusal to require the State to pay the expense before the trial and does not reach the issue of preapproval of expenses under § 15-12-21(d). Nevertheless, this case differs from Smith in that, unlike in Smith, we cannot say, at this stage of the proceedings, that McNabb will have access to the requested materials before the trial.
"Amendment No. 328, § 6.03(d), Ala. Const.1901, provides:
"`The court of criminal appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Said court shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction *479 inferior to it and in matters over which it has exclusive appellate jurisdiction. . . . '
"Because the Court of Criminal Appeals has jurisdiction to hear a petition for the writ of mandamus `in relation to matters in which said court has appellate jurisdiction' (§ 6.03), and because the right of a defendant to a fair trial if the requested transcript is not available is an issue as to which that court has appellate jurisdiction, the Court of Criminal Appeals has jurisdiction to deal with the issue presented in McNabb's petition filed before it. Whether there is any merit in the petition or whether appeal is an adequate remedy is a matter we do not address."
879 So.2d at 1168-69. One of the main reasons for the Supreme Court's decision in McNabb was that it was unclear whether McNabb would have access to the discovery materials before trial and, if he did not, McNabb's right to a fair trial might be implicated. Also, the issue whether McNabb was denied a fair trial was an issue within the scope of this Court's appellate jurisdiction.
However, in this mandamus petition both parties agree that Isbell is entitled to the requested information, which is in the custody of the DFS. The only issue is whether DFS will bear the costs and responsibility of collecting and copying the data or whether Isbell will bear that burden.[1] Isbell's right to a fair trial is not implicated in this case.
We believe that the issue presented in this case is similar to the one presented to the Alabama Supreme Court in Smith, supra, a case cited by the Court in McNabb. In Smith, the Alabama Supreme Court considered a petition for a writ of mandamus filed by the State attacking a discovery order requiring the Montgomery Police Department to copy and pay the costs of duplicating a videotape that was in the Department's possession. The Supreme Court, relying on its earlier decision in Galanos, supra, held that this Court did not have jurisdiction to consider the mandamus petition and that the proper forum for the petition was the Court of Civil Appeals.
Based on the Supreme Court's decisions in Smith and McNabb, we must conclude that this Court has no jurisdiction to entertain this mandamus petition and that jurisdiction rests with the Alabama Court of Civil Appeals.
Accordingly, this petition for a writ of mandamus is hereby transferred to the Alabama Court of Civil Appeals.
PETITION TRANSFERRED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
NOTES
[1] Jurisdiction of this case would be proper in this Court if this mandamus petition concerned Isbell's right to access to the DFS materials. See McNabb, supra.