[Cash v. Smith.]

# Cash *v*. Smith.

## *Assumpsit.*

(Decided April 21, 1914.　65 South. 193.)

1. *Appeal and Error; Showing; Showing Error; Burden.*—As every reasonable presumption is indulged in favor of the correctness of the action and ruling of the trial court, error must be affirmatively shown to authorize a reversal.

2. *Same; Findings; Conclusiveness.*—An appellate court will not put the trial court in error for refusing to set aside a verdict of a jury based on conflicting evidence, especially where the evidence is given orally.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Assumpsit by H. M. Cash against J. J. Smith. Judgment for defendant, and the court declining to set. aside the verdict and judgment, plaintiff appeals. Affirmed.

MATHEWS & MATHEWS, for appellant.　In face of the oral chrage of the court that if they believed from the evidence that defendant signed the note sued on, they should find for plaintiff, it was the duty of the court to set aside the verdict rendered by the jury for defendant.—*Cobb v. Malone*, 92 Ala. 630; *Shepherd & Co v. Dowling*, 103 Ala. 563.

PINKNEY SCOTT, for appellee.　Under all the authorities an appellate court will decline to disturb the action of the trial court in refusing to set aside the verdict of a jury based on conflicting evidence given orally.

PELHAM, J.—The transcript shows a summons and complaint issued out of a court of a justice of the peace

of Jefferson county returnable before him on October 2, 1912. No trial, judgment, or other proceeding is shown to have been had before the justice; nor does the transcript show a statement signed by the justice of any judgment rendered by him (Code, § 4716), or contain an appeal bond from a judgment there rendered. Just how the case got into the city court of Bessemer, where a trial was had resulting in this appeal, does not appear. The summons and complaint issued out of the justice's court, however, shows a filing in the city court on October 19, 1913, some time subsequent to the judgment there rendered on the 23d day of January. It is impossible to tell in this condition of the transcript whether the city court was undertaking to exercise original or appellate jurisdiction (Code, § 3255) in the judgment rendered, but, as the amount sued for ($80) is within the original jurisdiction of the court, we treat the case on its merits. See, however, *C. of G. Ry. Co. v. Coursen,* 8 Ala. App. 589, 62 South. 977; *Ill. Cent. R. R. Co. v. Burleson,* 4 Ala. App. 384, 59 South. 230; *Gunter v. Mason,* 125 Ala. 644, 27 South. 843.

The only error assigned is that the court erred in overruling the appellant's (plaintiff's below) motion for a new trial. The suit was on a note, and was tried on the issue tendered by the defendant's plea of non est factum, casting the burden of proof on the plaintiff (Code, § 3967), and resulted in a verdict for the defendant. But two witnesses were examined on the trial of the case, the plaintiff and defendant; the former testifying positively to the execution of the note, the foundation of the suit, by the defendant, and the defendant as positively denying its execution. Certain papers bearing the acknowledged signature of the defendant were introduced in evidence, without objection, for comparison with the disputed signature, and these original

papers are certified to us with the transcript. The bill of exceptions shows that on the original trial the court let the signatures go before the jury for the purposes of comparison without objection, but it is not shown by the bill of exceptions or otherwise made to appear that these papers or signatures were examined by the court, and the bill of exceptions recites that the motion for a·new trial "was submitted without argument or the introduction of evidence." For aught appearing, the trial court has never examined and compared the signatures, and this court would not be authorized upon such a showing to put the trial court in error by making an examination and comparison of the signatures shown by the original papers certified with the transcript.

To authorize a reversal, error must be affirmatively shown, and on appeal every reasonable presumption is indulged in favor of the correctness of the trial court in refusing to set aside a verdict because contrary to the evidence.—*M. L. & Ry. Co. v. Davis,* 1 Ala. App. 338, 55 South. 1020.

Moreover, even if an examination by us of the signatures certified was proper and permissible for the purposes for which appellant has had them certified, and it was our judgment that they were very similar, this would not be sufficient to justify an appellate court, in reviewing the action of the trial court, to put that court in error for refusing to set aside the finding of a jury based on the conflicting state of the evidence shown by the record in this case. The only direct evidence to sustain or defeat the cause of action on the issue before the court is found in the testimony of the two parties to the suit. The testimony of these two witnesses is in direct and positive conflict on the only controverted fact in issue, and the determination one way or another of this disputed fact must necessarily depend in no

small measure upon the credence and weight to be accorded the testimony of these witnesses respectively from data furnished by them when testifying ore tenus before the trial court, that is not before this court on review, and that it is impossible for this court to have.

Affirmed.