On petition of Robert Smith, we granted the writ of certiorari to review the Court of Civil Appeals',438 So.2d 762, affirmance of the circuit court order setting aside a third-party default judgment against Elbert Saint entered in district court. The Court of Civil Appeals affirmed the order, reasoning that under ARCP 14 (dc), the district court was without subject matter jurisdiction to enter a judgment. We quash the writ of certiorari because it was improvidently granted.
The issue before this court is the extent of the circuit court's subject matter jurisdiction on appeal where an action filed in district court claiming more than the district court's jurisdictional limit was dismissed rather than transferred under § 12-11-9, Code 1975.
John Deere Company filed a detinue action in Marshall County District Court claiming certain farm equipment or the reasonable value thereof. The complaint alleged the value of the farm equipment to be $5,000. Smith answered the complaint by pleading a general denial and filing a third-party complaint against Saint. The third-party complaint, based on a breach of warranty of title theory, sought damages from Saint in the event that Smith suffered any liability to John Deere.
After proper service on Saint, a default judgment was entered against him for failure to appear.
Testimony in the original action between John Deere and Smith revealed the property in question to be worth $10,000. However, rather than transferring the case to the circuit court, the district court dismissed the case, noting that the jurisdictional limit of the district court was $5,000.
John Deere appealed to the circuit court. The circuit court noted the impropriety of the dismissal; however, under the auspicies of its general supervisory powers, it attempted to correct the flaw by transferring the case itself and holding a trial de novo.
Judgment was rendered in favor of John Deere and against Smith on 1 September 1981. Smith moved to revise the judgment so as to include the default judgment against Saint entered in district court. On 2 October 1981 the circuit court granted Smith's motion.
On 2 November 1981 Saint filed a motion seeking to have the third-party default judgment set aside. Upon review of the record, the circuit court discovered the third-party complaint against Saint was filed in district court contrary to the provisions of ARCP 14 (dc). Accordingly, the circuit court set aside the judgment for third-party plaintiff Smith against third-party defendant Saint, reasoning that the district court was without subject matter jurisdiction over third-party practice. Smith appealed the ruling.
On appeal to the Court of Civil Appeals, that court rejected the notion of the circuit court's authority to transfer a case from district court to circuit court on its own accord. Furthermore, the court found that any third-party complaint filed in district court was "spurious pleading"; ergo, any judgment arising therefrom was null and void.
Section 12-11-9, Code 1975, provides in pertinent part:
 "If a case filed in . . . the district court is within the exclusive jurisdiction of the circuit court, the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court. . . ." (Emphasis added.) *Page 768 
After testimony in the district court revealed that the amount in controversy undisputedly exceeded the district court's $5,000 jurisdictional limit, under the provisions of § 12-11-9, the district judge should have transferred rather than dismissed the case. However, John Deere neither sought a writ of mandamus directing the district court to transfer the case nor filed a separate action in circuit court, but rather chose to appeal the dismissal.
We are in agreement with the Court of Civil Appeals to the extent that a circuit court is without authority to transfer a cause from an inferior court under the auspices of its general supervisory powers. In re Ingram, 356 So.2d 618 (Ala. 1978). Therefore, before it is necessary to review the effect of third-party practice in district court,[1] this court must review the circuit court's subject matter jurisdiction over the John Deere claim on appeal.
Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu. City ofHuntsville v. Miller, 271 Ala. 687, 127 So.2d 606 (1958); Paynev. Department of Industrial Relations, 423 So.2d 231
(Ala.Civ.App. 1982). If a court is without subject matter jurisdiction, any judgment rendered therein is void. ARCP 60 (b)(4); Nigg v. Smith, 415 So.2d 1082 (Ala. 1982). Where it is unclear whether a court is exercising its original or appellate jurisdiction, but the amount in controversy is within the court's original jurisdiction, an appellate court shall treat the lower court as exercising original jurisdiction. Cash v.Smith, 10 Ala. App. 417, 65 So. 193 (1914). But where, as here, it is clear that the circuit court is exercising appellate jurisdiction, it may consider only those matters raised on appeal to it. It is without subject matter jurisdiction to consider more. See Hooper v. Huey, 293 Ala. 63, 300 So.2d 100
(1974); Walker v. Eubanks, 424 So.2d 631 (Ala.Civ.App. 1982).
The circuit court is vested with exclusive original jurisdiction for cases involving more than $5,000. § 12-11-30, Code 1975. Thus, the district court's jurisdiction was limited to considering whether John Deere's claim exceeded the court's $5,000 jurisdictional amount. Likewise, the circuit court onappeal could only review whether the district court properly determined that the latter lacked subject matter jurisdiction.[2]
We find that on appeal, the circuit court lacked subject matter jurisdiction to consider more than a final judgment over which the district court had subject matter jurisdiction. See Statev. Pollock, 251 Ala. 603, 38 So.2d 870 (1948); Craig v. Root,247 Ala. 479, 25 So.2d 147 (1946). Accordingly, the circuit court was without subject matter jurisdiction to consider the merits of John Deere's claim. Any judgment rendered without subject matter jurisdiction is void and will not support an appeal. ARCP 12 (h)(3); Bibb v. Boyd, 417 So.2d 206
(Ala.Civ.App. 1982). It follows that whether a third-party default judgment was entered in the district court is of no consequence. The writ of certiorari to the Court of Civil Appeals was improvidently granted and is hereby quashed.
WRIT OF CERTIORARI QUASHED.
MADDOX, FAULKNER, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and SHORES, J., concur in the result.
[1] The Alabama Rules of Civil Procedure have recently been amended so to allow third-party practice in district court. See ARCP 14 (dc) as amended effective 1 July 1983.
[2] Section 12-11-30, Code 1975, authorizes a trial de novo in circuit court for matters appealed from district court. Of course, the circuit court must first have subject matter jurisdiction over the appeal.
[EDITORS' NOTE: PAGES 769-773 CONTAINED DECISIONS WITHOUT OPINIONS.] *Page 1359