BRADLEY, Presiding Judge.
This appeal results from the denial of plaintiffs petition for writ of mandamus.
The plaintiff, John G. Andrews, and the defendant, James Albert Loftin, Jr., were involved in a motorcycle/automobile accident in February 1980. Mr. Andrews filed his original complaint in Mobile County District Court after determining his damages would be no greater than $5,000.
Mr. Andrews received more medical treatment following the filing of his complaint. As a result, he believed his damages would be more than $5,000.
Following a grant by the court of Mr. Loftin’s motion to dismiss, Mr. Andrews filed a motion to reconsider the dismissal, and the dismissal was set aside. Then, in May 1987, Mr. Andrews amended his complaint, maintaining that his damages totaled $10,000. As a result of the increase in Mr. Andrews’ alleged damages, his complaint was-no longer within the jurisdictional limit of the district court. Consequently, Mr. Andrews also filed a motion to transfer the case to circuit court pursuant to section 12-11-9, Code 1975. The court denied both the motion to amend and the motion to transfer, and set the case for trial.
Mr. Andrews then filed a stipulation of facts along with a petition for writ of mandamus in the circuit court. His petition requested an order directing the district court to transfer the case to circuit court. The petition was subsequently denied.
Mr. Andrews appeals.
Pursuant to section 12-11-9, Code 1975:
“If a case filed in ... the district court is within the exclusive jurisdiction of the circuit court, ... a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court....”
A writ of mandamus may be employed “to compel a court to exercise its authority when it has a duty to do so.” Thornton v. First National Bank, 291 Ala. 233, 279 So.2d 496 (1973). Thus, if “there is a clear showing of error in the trial court to the injury of the petitioner,” mandamus should be granted. Ex parte Parker, 413 So.2d 1105 (Ala.1982).
We note that when the case was filed it was not within the “exclusive jurisdiction of the circuit court,” as per section 12-11-9, Code 1975, but was properly within the jurisdiction of the district court. See, § 12-12-30, Code 1975. However, after a lapse of time plaintiff believed his damages had increased beyond the $5,000 jurisdictional limit. He, therefore, sought to amend his pleading.
In the case of Ex parte Smith, 438 So.2d 766 (Ala.1983), the supreme court found that the district court judge should have transferred a case to circuit court once testimony revealed the amount in controversy was greater than $5,000. The court cited section 12-11-9, Code 1975, as controlling.
Although no testimony as to damages has been presented in the case before this court, Mr. Andrews sought to make a good faith amendment to his original pleading. That amendment, if allowed, would place the case within the circuit court’s jurisdiction.
*65 Our rules provide for liberal amendments to pleadings “when justice so allows.” Freeman v. Blue Mountain Industries, 395 So.2d 1049 (Ala.Civ.App.1981); A.R.Civ.P. Rule 15(a). In the case at bar we believe justice requires that the amendment be allowed and that the case he transferred to the circuit court.
We fail to see any real distinction between the present case and the case of Ex parte Smith, supra. In Smith the case was required to be transferred after the evidence revealed that the amount in controversy exceeded the district court’s jurisdiction. In the case sub judice the plaintiff seeks to amend his complaint to show that the amount in controversy now exceeds the district court’s jurisdiction. We believe justice requires that the plaintiff he allowed to amend his complaint so that he will have an opportunity to prove that his damages exceed the jurisdictional amount of the district court.
The judgment of the circuit court is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.