ADAMS, Justice.
James Albert Loftin, Jr., was sued by Andrews in the District Court of Mobile County as a result of an automobile/motorcycle accident that occurred in February 1980. The amount of damages claimed in the suit, which was filed February 17,1981, was $5,000.00. A motion to dismiss filed in February 1987 was granted, but in March 1987, Andrews filed a motion to reconsider, *66 which also was granted. The dismissal was thereafter set aside. Subsequently, in May 1987, a motion was made to amend the complaint and to transfer the case to circuit court. The offered amendment raised the damages claimed from $5,000.00 to $10,-000.00. The district court denied these motions and the circuit court refused to grant Andrews's subsequent petition for writ of mandamus wherein he requested that the district court be ordered to transfer the case. On appeal, the Court of Civil Appeals reversed, 540 So.2d 63, and we have granted certiorari to clarify the law in this area. We reverse the judgment of the Court of Civil Appeals and remand the cause.
Rule 15(a), A.R.Civ.P., addresses the procedure for amending pleadings, as follows:
“A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty (30) days after it is served. Otherwise a party may amend his pleading without leave of court but subject to disallowance on the court’s own motion or motion to strike of an adverse party; but such amendments shall be freely allowed when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders. (Amended June 17, 1975.)” (Emphasis added.)
In the present case, over six (6) years elapsed before Andrews sought to amend his complaint. Obviously, the statute of limitations had expired on his tort action; therefore, Andrews was not in a position to dismiss his action in the district court and then file a new action in circuit court. This case closely parallels Harper v. Regency Development Co., 399 So.2d 248 (Ala.1981), with regard to this issue. In that case, an action was filed in district court, but later discovery indicated that the damages exceeded the district court’s jurisdictional limit of $5,000.00. Harper, supra, at 249. “By the time the amount of actual damages became known, however, expiration of the statute of limitations prevented dismissal and refiling of the action in circuit court. Consequently, Appellants amended their claims so as to remain within the district court’s jurisdiction.” Id.
Because the statute of limitations prevented the voluntary dismissal of his case, Andrews sought an amendment to his pleadings that would raise the ad damnum clause from $5,000.00 to $10,000.00. In support of his argument that his amendment should have been allowed, Andrews’s principal authority is Ex parte Smith, 438 So.2d 766 (Ala.1983). In that case, “John Deere Company filed a detinue action in Marshall County District Court claiming certain farm equipment or the reasonable value thereof. The complaint alleged the value of the farm equipment to be $5,000.” Smith, supra, at 767. In light of the evidence, we stated as follows:
“Section 12-11-9, Code 1975, provides in pertinent part:
“ ‘If a case filed in ... the district court is within the exclusive jurisdiction of the circuit court, the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court_’ (Emphasis added.)
“After testimony in the district court revealed that the amount in controversy undisputedly exceeded the district court’s $5,000 jurisdictional limit, under the provisions of § 12-11-9, the district judge should have transferred rather than dismissed the case.”
Id. at 767-68. In Smith, the most important observation to be made is that $10,-000.00 in damages was undisputed. See generally, Ex parte Smith, supra. Although the requested damages were $5,000.00, the undisputed evidence revealed that the farm equipment in dispute was valued at $10,000.00. Because this was an action in detinue, § 6-6-256, Code of Alabama (1975), provided the remedy. “Judgment against either party must be for the *67 ’property sued for, or its alternate val-ue_” (Emphasis added.) § 6-6-256, supra. Once there was undisputed evidence that the tractor’s value exceeded $5,000.00, it was obvious that the district court did not have jurisdiction over the case. Indeed, it never had jurisdiction to determine the case except to make a determination as to whether the damages exceeded the district court’s limit of $5,000.00. Because § 6-6-256 specifically limited the remedy and because the case had been filed in district court, yet was within the “exclusive jurisdiction of the circuit court ” (emphasis added), § 12-11-9, Code of Alabama 1975, came into play. Section 12-11-9, Code of Alabama (1975).
The case sub judice is quite different. First, this action is one in negligence, where the remedy is monetary damages. It is well-settled that a plaintiff may forgo his claim of money damages in excess of the jurisdictional limit of the district court in order to bring his case in the district court. Harper v. Regency Development Co., supra, at 254. Therefore, unlike the district court in Smith, supra, the district court here did have jurisdiction over the case. Even if the damages did exceed $5,000.00, the plaintiff, by filing in district court, willingly limited his damages to $5,000.00 in exchange for bringing his case in that forum. While we agree that amendments regarding evidence should be freely allowed, we do not believe that after a lapse of six years, absent any reasonable justification, Andrews should be allowed to require the district court to transfer his case to circuit court. In a case such as this one, where the district court does have jurisdiction, the appropriate avenue would have been for Andrews, within the statute of limitations, to have his case dismissed without prejudice and then to refile it in circuit court. Because the statute of limitations has expired, his only recourse is to remain in district court.
For the reasons stated above, the judgment is due to be, and it hereby is, reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.