PER CURIAM.
These appeals were transferred by the Alabama Supreme Court on April 20, 1998, to the Court of Criminal Appeals; on June 30, 2000, the Court of Criminal Appeals transferred these appeals to this court, stating that it did not have jurisdiction to consider them. In its opinion issued upon the transfer of these appeals, the Court of Criminal Appeals briefly summarized the trial-court history of the four cases involved:
“The Montgomery Circuit Court consolidated four cases[1] for the purpose of determining how Alabama officials, including the director of finance (currently Henry C. Mabry III), were to comply with and implement the decision of this court in May v. State, 672 So.2d 1307 (Ala.Crim.App.1993). In May v. State, this court held that expenses for office overhead of attorneys representing indigent criminal defendants are encompassed within the phrase ‘expenses reasonably incurred.’ § 15-12-21(d), Ala. Code 1975. This court further held in May that payment of office-overhead expenses must be approved in advance. Several attorneys representing indigent defendants, after being denied payment for overhead expenses, filed a declaratory judgment [action] against the State officers, asking the court to determine who was responsible for payment of these expenses. The cases were consolidated. After considering the testimony, the stipulations, and the briefs, the circuit court directed State officials to approve all indigent defendant attorney fee declarations that included court orders approving overhead expenses, if the orders were filed prior to or contemporaneously with the fee declarations. The [attorneys] appealed the circuit court’s *1062 order, and the [defendant] cross-appealed.
[[Image here]]
Mabry v. Norris, [Ms. CR-97-1396, June 30, 2000]-So.2d-, -(Ala.Crim.App.2000).
As the Court of Criminal Appeals noted, May held, with one dissent, that “office overhead expenses are by law encompassed in the term ‘expenses reasonably incurred’ as that term is used in § 15-12-21(d)[, Ala.Code 1975],” and that the appellant in that case, an attorney appointed to represent indigent criminal defendants, was “entitled to be compensated for his office overhead expenses reasonably incurred and reasonably calculated in representing” an indigent defendant. 672 So.2d at 1308. May was decided in September 1993; however, the Alabama Supreme Court granted certiorari review in that case; it quashed its writ of certiorari, but not until December 1995. May v. State, 672 So.2d 1310 (Ala.1995).
Since May was decided, the Court of Civil Appeals has received numerous applications for overhead expenses from attorneys that have been appointed to represent defendants in child-support proceedings, proceedings involving the termination of parental rights, and other civil proceedings in which there is a constitutional or statutory right to appointed counsel, as well as from attorneys appointed as guardians ad litem. These applications generally cite May as authority for an award of overhead expenses. However, § 15-12-21(d), which provides for reimbursement “for any expenses reasonably incurred in the defense of his or her client, to be approved in advance by the trial court,” applies only to defendants in criminal and juvenile cases. Section 15-12-22(d), Ala.Code 1975, the appellate counterpart to § 15-12-21 (d), specifically refers to services performed “after the Court of Criminal Appeals overrules the application for rehearing, or after the decision of the Court of Criminal Appeals in the case of a pretrial .appeal.” (Emphasis added.)
No statutory provisions specifically authorize this couri to approve the payment of “overhead-expense” requests submitted by attorneys who represent indigent appellants in this court. This court has therefore concluded that it has no statutory authority to approve such expenses (such as in T.T. v. State Dep’t of Human Resources, 740 So.2d 495 (Ala.Civ.App.1998) (table)). Although that determination has been challenged in the Alabama Supreme Court, that court has denied a petition for a writ of mandamus compelling this court to approve such expense requests. Ex parte T.T., 745 So.2d 315 (Ala.1998) (table).
As the Court of Criminal Appeals did in transferring these appeals to this court, we note that “it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983). Pursuant to § 12-3-10, Ala.Code 1975, this court has “exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000.” “Where there is a recovery in the court below of any amount other than costs, the amount of such recovery shall be deemed to be the amount involved; otherwise, the amount claimed shall be deemed to be the amount involved.” In these cases, the trial court entered a judgment directing the defendants to “approve all Attorney Fee Declarations that include Orders approving ‘office overhead expenses’ filed prior to or contemporaneously with the Attorney Fee *1063 Declaration.” That judgment thus not only requires the immediate disbursement of the $42,530.04 the named plaintiffs have claimed, but operates prospectively to require additional disbursements by the defendants that, taken together, exceed the monetary limit of this court’s appellate jurisdiction.[1] Moreover, the trial court’s judgment denied class certification with respect to a class of “all attorneys licensed and practicing in the State of Alabama since September 3, 1993, who accepted the representation of indigent criminal defendants ... and who submitted fee and expense vouchers [containing] court approved sums for ‘office overhead expenses’ pursuant to ... May,” increasing the amount in controversy all the more. Thus, we need not decide whether the Court of Criminal Appeals correctly determined that “the present proceeding is a civil, rather than a criminal, action,” — So.2d at-, or whether the Alabama Supreme Court properly transferred these appeals to the Court of Criminal Appeals — it is clear that these appeals are outside the jurisdictional limits of this court.
“[W]hen any case is submitted to a court of appeals which should have gone to the Supreme Court, it shall be transferred to the Supreme Court.” Section 12-1-4, Ala. Code 1975. Based upon the foregoing facts and authorities, we transfer these appeals to the Alabama Supreme Court.
APPEALS TRANSFERRED.
All the judges concur.

" 1 John D. Norris and Jay Lewis v. Jimmy H. Baker et al.; Michael Crespi v. the Hon. Bob Childree;' Robert L. Turner v. Robert L. Childree et al.; and Paul D. Brown v. Dr. Phillip W. Williams et al."

. We note that the notice of appeal filed by the defendants averred that jurisdiction of the appeal was vested in the Alabama Supreme Court because the judgment amount exceeded $50,000.