BRYAN, Judge.
Nue Cheer Franklin, the plaintiff below, appeals from a judgment entered by the Montgomery Circuit Court .(“the circuit court”) dismissing civil action no. CV-09-3.0 due to lack of subject-matter jurisdiction. We dismiss the appeal in part and affirm in part.
On October 81, 2008, Franklin, acting pro se, sued Valdez Catledge (“Valdez”) in the Montgomery District Court (“the district court”), stating a claim of breach of contract and seeking an award of damages in the amount of $2,650. On November 18, 2008, before Valdez had been served with process, Franklin moved the district court to transfer her action to the circuit court. Attached to her motion was an unsigned amended complaint, which named 7-C’s International, LLC (“7-C’s”), and Cat-ledge Land Management, LP (“Catledge Management”), as additional defendants; added various tort claims; and sought an award of $25,000 in compensatory damages and an unspecified amount of punitive damages. On December 18, 2008, the district court entered an order transferring Franklin’s action to the circuit court.[1]
After the district court entered its order transferring Franklin’s action to the circuit court, Valdez was served with process on January 26, 2009. Franklin did not instruct the circuit court to serve 7-C’s or Catledge Management at that time. Valdez answered Franklin’s complaint on February 20, 2009. On April 17, 2009, Franklin moved for a summary judgment. Following a hearing regarding Franklin’s summary-judgment motion on June 30, 2009, the circuit court, on July 15, 2009, issued an order entering a judgment against Valdez in the amount of $550. On *740 July 28, 2009, Franklin filed motions seeking the recusal of the circuit-court judge assigned to the action, a new trial, and the addition of 7-C’s and Catledge Management as defendants. On July 31, 2009, Franklin instructed the circuit-court clerk to serve 7-C’s and Catledge Management with process, and they were served on August 3, 2009.
Thereafter, the circuit-court judge assigned to the action recused himself, and the action was assigned to another circuit-court judge, who also recused himself. The action was then assigned to a third circuit-court judge. The circuit court never ruled on Franklin’s motion for a new trial, and that motion was denied by operation of law on October 26, 2009. See Rule 59.1, Ala. R. Civ. P. Franklin did not file a notice of appeal within 42 days after October 26, 2009.
Franklin moved for a summary judgment with respect to 7-C’s and Catledge Management, and 7-C’s and Catledge Management moved for a dismissal of Franklin’s action. On February 22, 2010, following a hearing regarding those motions, the circuit court entered a judgment dismissing the action on the ground that the circuit court lacked subject-matter jurisdiction. On March 2, 2010, Franklin filed a postjudgment motion, which the circuit court denied on March 5, 2010.
Also on March 5, 2010, Franklin appealed to this court. Due to lack, of jurisdiction, this court transferred the appeal to the supreme court, which transferred the appeal back to this court pursuant to § 12-2-7(6),,Ala.Code 1975.
As a threshold matter, Valdez, 7-C’s, and Catledge Management move this court to dismiss Franklin’s appeal on the ground that her notice of appeal was not timely filed. In support of their motion, Valdez, 7-C’s, and Catledge Management argue that the circuit court’s July 15, 2009, order entering a judgment against Valdez in the amount of $550 was a final judgment and that, because Franklin did not file a notice of appeal within 42 days after her motion for a new trial was denied by operation of law on October 26, 2009, her notice of appeal was not timely filed.
Rule 4(f), Ala. R. Civ. P., provides:
“When there are multiple defendants and the summons ... and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment. After the entry of judgment, if the plaintiff is able to obtain service on a defendant or defendants not previously served (except, however, defendants designated as fictitious parties as allowed by Rule 9(h), who shall be deemed to have been dismissed voluntarily when the case was announced ready for trial against other defendants sued by their true names), the. court shall hear and determine the matter as to such defendant or defendants in the same manner as if such defendant or defendants had originally been brought into court, but such defendant or defendants shall be allowed the benefit of any payment or satisfaction that may have been made on the judgment previously entered in the action.”
Thus, under Rule 4(f), the judgment entered on July 15, 2009, against Valdez, the only defendant who at that time had been served with process, was a final, appeal-able judgment with respect to Valdez. See Bedell v. Quality Cas. Ins. Co., 958 So.2d 344 (Ala.Civ.App.2006); and Williams v. Fox Television Stations of Birmingham, *741 Inc., 959 So.2d 1120 (Ala.Civ.App.2006), overruled on other grounds by Ex parte Luker, 25 So.3d 1152 (Ala.2007). Consequently, Franklin was required to file a notice of appeal within 42 days after the denial of her motion for a new trial on October 26, 2009, in order to perfect an appeal from that judgment. See Rules 4(a)(1) and 4(a)(3), Ala. R.App. P.; Bedell; and Williams. Because Franklin did not file a notice of appeal within 42 days after the denial of her motion for a new trial by operation of law on October 26, 2009, she failed to file a timely notice of appeal with respect to the judgment against Valdez. Id. Therefore, we grant the motion to dismiss the appeal with respect to the judgment against Valdez. However, because Rule 4(f), Ala. R. Civ. P., authorized the circuit court to proceed with the adjudication of Franklin’s claims against 7-C’s and Catledge Management after they were served with process and because Franklin filed a notice of appeal within 42 days after the denial of her postjudgment motion challenging the February 22, 2010, judgment of the circuit court dismissing those claims, we deny the motion to dismiss the appeal with respect to that judgment.
The February 22, 2010, judgment held, among other things, that the circuit court lacked subject-matter jurisdiction over Franklin’s action because, the circuit court concluded, Alabama law did not authorize the transfer of Franklin’s action to the circuit court after she had successfully invoked, the jurisdiction of the district court. We agree with that conclusion.
By filing her action in district court, stating a claim of breach of contract, and seeking an amount of damages that was within the jurisdictional limit of the district court, Franklin successfully invoked the jurisdiction of the district court. See Ex parte Loftin, 540 So.2d 65, 67 (Ala.1988) (holding that a plaintiff who filed his action in the district court, stated a claim of negligence, and sought an amount of damages that was within the jurisdictional limit of the district court had successfully invoked the jurisdiction of the district court even if the actual amount of damages he had suffered exceeded the jurisdictional limit of the district court). Having successfully invoked the jurisdiction of the district court, Franklin could only seek damages in excess of the jurisdictional limit of the district court by voluntarily dismissing, without prejudice, the action she had filed in the district court and filing a new action in the circuit court that sought an amount of damages that was within the jurisdiction of the circuit court. Id. (recognizing that, when the district court has jurisdiction over an action filed by the plaintiff in that court, the appropriate procedure for the plaintiff to invoke in order to seek damages in excess of the jurisdictional limit of the- district court would be for the plaintiff to voluntarily dismiss, without prejudice, his or her action in the district court and file a new action in the circuit court). As, the circuit court correctly held in the action now before us, Alabama law does not allow a plaintiff to invoke successfully the jurisdiction of the district court, subsequently amend his or her complaint to seek an amount of damages in excess of the jurisdictional limit of the district court, and seek a transfer of the action to the circuit court. Id. (reversing a decision of this court granting a petition for a writ of mandamus directing the circuit court to grant a writ of mandamus directing the district court to allow the plaintiff to amend his complaint to seek an amount of damages that exceeded the jurisdictional limit of the district court as an initial step toward seeking a transfer of his action to the circuit court). Accordingly, we affirm the judgment of the circuit court insofar as it dismissed Franklin’s claims against 7- *742 C’s and Catledge Management on the ground that it lacked subject-matter jurisdiction.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs specially.

. Because Franklin had successfully invoked the jurisdiction of the district court, such a transfer was not authorized by Alabama law. See Ex parte Loftin, 540 So.2d 65, 67 (Ala.1988) (holding that a plaintiff who hád’filed his action in the district’ court, had stated a claim of negligence, and had sought an amount of damages that was within the jurisdictional limit of the district court had successfully invoked the jurisdiction of the district court even if the actual amount of damages he had suffered exceeded the jurisdictional limit of the district court and that, once he had successfully invoked the jurisdiction of the district court, a transfer of his action to circuit court based on’ an amendment of his complaint seeking an amount of damages greater than the jurisdictional limit of the district court was improper).