THOMAS, Judge.
In July 2014, Safeway Insurance Company of Alabama, Inc. (“Safeway’), filed a complaint in the Mobile District Court, alleging that Nathaniel Nunnelley had negligently operated his automobile, causing it to collide with an automobile owned and óperated by Alice Mae Jackson, Safeway’s insured, and that Safeway had provided Jackson with benefit payments for property damage and medical treatment pursuant to its insurance contract with Jackson. Safeway asserted a subrogation claim and sought $3,479.45 in damages from Nunnelley. Nunnelley failed to timely answer the complaint, and Safeway sought an entry of default. The Mobile District Court set Safeway’s application for default for a hearing to prove damages to be held on September 11, 2014; the State Judicial Information System case-action-summary sheet does not indicate that the clerk or the Mobile- District Court entered a default against-Nunnelley. The Mobile District Court continued the hearing to set damages to October 9, 2014, and, on October 10, 2014, the court entered an order setting the case for “disposition/trial” to be held on November 6, 2014, “by agreement of the parties.” Safeway sought and received an additional continuance to December 4, 2014.
Nunnelley secured counsel, who filed a motion to change venue. Safeway did not oppose the motion, and the Mobile District Court transferred the action to the Lowndes District Court (“the district court”) on December 2, 2014. Thus', the December 4, 2014, trial was never held.
The district court set the case for trial to be held on January 8, 2015, at 1:30 p.m. On January 8, 2015, at 11:30 a.m., Safeway filed a motion to continue the trial. The district court granted Safeway’s motion, and it reset the action for trial on February 5, 2015, at 1:30 p.m. On February 5, 2015, at 11:30 a.m., Safeway filed a motion to transfer the action to the Lowndes Circuit Court and a motion to amend the complaint, together with an amended complaint amending the amount of damages claimed by Safeway -from $3,479.45 to $18,479.45, an amount exceeding the $10,000 jurisdictional limit of the district court.. See Ala.Code 1975, §: 12-12-30 (setting the jurisdictional limit of the district court), Safeway’s counsel did not appear at the trial scheduled for 1:30 p.m. The district court entered two separate orders that same day denying Safeway’s motion to amend the complaint and its motion to transfer the action to the Lowndes Circuit Court. The district court contemporaneously entered a judgment dismissing Safeway’s action for want of prosecution based on its failure to appear at trial. Safeway filed a postjudgment motion, which was denied by operation of law, and a notice of appeal to the Lowndes Circuit Court (“the circuit court”).
*1229 In the circuit court, Safeway again filed a motion to amend its complaint together with an amended complaint increasing its claimed damages to $18,479.45. Howeyer, because it filed ..its amended complaint more than 42 days before the date the matter was set for trial in the circuit court, leave of court was not required to amend the complaint. See Rule 15(a), Ala. R. Civ. P. (stating that “a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires”). Nunnelley later filed a motion to strike the amended complaint, arguing to the circuit, court, among other things, that Safeway was not permitted to amend its complaint to seek additional damages because it had limited its damages to the jurisdictional limit of the district court (i.e., $10,000) when it chose to file its action in the district court. As support for his motion to strike, Nunnelley specifically relied upon Ex parte Loftin, 540 So.2d 65, 67 (Ala.1988), and Franklin v. Catledge, 59 So.3d 738, 741 (Ala.Civ.App.2010), both of which held that a plaintiff who invokes the jurisdiction .of the district court by filing a complaint requesting damages within that court’s jurisdictional limit may not amend his or her complaint to seek damages in excess of the district court’s jurisdictional limit and then seek a transfer of the action to the circuit- court; instead, both this court and our supreme court explained in those cases, the plaintiffs only recourse is to dismiss his or her district-court action and refile the action in circuit court. Nun-nelley also argued that the circuit court should dismiss Safeway’s appeal for failure to prosecute because Safeway had unnecessarily delayed the district-court proceedings and that the circuit court’s jurisdiction was limited to considering only the propriety of the district court’s orders denying the motion-to amend and-to transfer and the district court’s judgment dismissing the action. The circuit court denied Nun-nelley’s motion on August 7, 2015, and Nunnelley filed a petition for the writ of mandamus in this.court on September 18, 2015.
“A writ of mandamus is an extraordinary remedy, and it will be,‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’. Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993), A writ of mandamus will issue only .in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
In his petition, Nunnelley requests this court to direct the circuit court to dismiss Safeway’s appeal based on want of prosecution, to specify that the circuit court’s jurisdiction extends solely to review of the district court’s orders denying the motion to amend and the motion to transfer and the judgment dismissing the action and not to- the merits of the underlying action, and to order the circuit court to strike the amended complaint because it attempts to increase the amount of damages sought beyond the jurisdictional limit of the district court. After due consideration of the arguments in Nunnelley’s petition/ we deny the petition insofar as Nunnelley seeks an order directing the dismissal of Safeway’s action and any limitation of the circuit court’s jurisdiction to conduct a trial *1230 de novo. However, we agree with Nunnel-ley that Safeway is restricted from amending its complaint in the circuit court to seek damages in excess of an amount within the district court’s jurisdictional limit, and we grant the petition insofar as Nun-nelley seeks a writ compelling the circuit court to disallow the amendment insofar as the amendment seeks damages in excess of $10,000.
We first consider whether the circuit court’s jurisdiction over the appeal from the district court is limited to considering the propriety of the orders denying the motion to amend,, the motion to transfer, and the judgment dismissing the action. Nunnelley relies on Ex parte Smith, 438 So.2d 766, 768 (Ala.1983), to support his argument that the circuit court was precluded from considering the merits of Safeway’s district-court action. In Ex parte Smith, the plaintiff, John Deere Company (“John Deere”), filed a detinue action in the district court claiming that the property at issue was valued at $5,000. Ex parte Smith, 438 So.2d at 767. The defendant, Robert Smith, answered and denied the allegations of the complaint; Smith also filed a third-party complaint against Elbert Saint. Id. Saint failed to answer the third-party complaint, and the district court entered a default judgment against him. Id. At trial, testimony and evidence established that the actual value of the property at issue was $10,000 and therefore exceeded the district court’s jurisdictional limit.[1] Id. The district court dismissed the action, and John Deere appealed to the circuit court. Id. The circuit court noted that the district court had improperly dismissed the case instead of transferring it under Ala.Code 1975, § 12-1-9. Id. However, the circuit court attempted to remedy the problem by transferring the case to itself; the circuit court then tried the case de novo and entered a judgment in favor of John Deere. Id. Smith requested that the circuit court include the default judgment against Saint in the judgment, and the circuit court granted the request. Id. Saint moved to set aside the judgment as to him, and the circuit court granted his motion, noting that, at that time, the district court lacked subject-matter jurisdiction to entertain a third-party complaint, rendering' the default judgment against Saint void. Id. Smith appealed that ruling to this court. Id. This court affirmed the judgment of the circuit court, concluding that, although the circuit court could not transfer the action to itself, the circuit court could proceed to hear the action brought by the plaintiff as a trial de novo on appeal from the district court. Smith v. Saint, 438 So.2d 762, 764-65 (Ala.Civ.App.1982). Regarding the argument on appeal that the circuit court had erred in setting aside the judgment against Saint, we concluded that the filing of the third-party complaint in the district court was a nullity and that the district court’s default judgment against Saint was void and not appealable to the circuit court. Smith, 438 So.2d at 765. Smith sought certiorari review of this court’s affirmance. Ex parte Smith, 438 So.2d at 767.
Our supreme court wrote an opinion quashing the writ of certiorari to this court. Id. In that opinion, our supreme court stated that the appeal from the district court had presented to the circuit court solely the issue whether the district court had properly determined that it lacked subject-matter jurisdiction over John Deere’s detinue action. Id. at 768. *1231 This was so, the court explained, because the district court was limited to considering whether John Deere’s action was within its jurisdictional limit and stated that the circuit court “lacked subject matter jurisdiction to consider more than a final judgment over which the district court had subject matter jurisdiction.” Id.
Ex parte Smith, however, is inapposite to the present case. Our supreme court has explained that the result in Ex parte Smith obtained because Jo.hn Deere’s action was one in detinue. See Ex parte Loftin, 540 So.2d at 66-67. According to our supreme court, the detinue statute, Ala.Code 1975, § 6-6-256, required that the district court award either the property or damages equal to the value of the property to a successful plaintiff; thus, once the evidence at trial in Ex parte Smith established that the value of the property at issue exceeded $5,000, the district court could no longer entertain the claim, and it properly dismissed John Deere’s action based on its lack of subject-matter jurisdiction. Ex parte Loftin, 540 So.2d at 67. Because the. district court lacked subject-matter jurisdiction over John Deere’s detinue action, the circuit court could not consider the merits of the detinue claim on appeal from the district court’s dismissal of the detinue action. Id.
In the . present case, the district court did not, dismiss Safeway’s action because it determined that it lacked subject-matter jurisdiction over Safeway’s action. Safeway’s complaint sought $3,479.45 in damages and was clearly within the $10,000 jurisdictional limit of the district court. As was the case in Ex parte Loftin, Safeway’s action seeks monetary damages in an amount to be determined by the trier of fact; that is, unlike in Ex parte Smith, in which the detinue statute prescribed a particular monetary remedy, in both Ex parte Loftin and in the present case, the plaintiffs action seeking monetary damages can be, and was, limited by the plaintiffs choice of the district court as a forum. Ex parte Loftin, 540 So.2d at 67. Thus, the district court in the present case had subject-matter jurisdiction over Safeway’s action, and the appeal from the district court’s judgment invoked the circuit court’s appellate jurisdiction to conduct a trial de novo. See Ala.Code 1975, § 12-11-30(3); Blue Cross & Blue Shield of Alabama, Inc. v. Butler, 630 So.2d 413, 416 (Ala.1993).
We turn now to Núnnelley’s argument that the circuit court should have dismissed Safeway’s appeal for lack of prosecution. Rule 41(b), Ala. R. Civ. P., permits a trial court to dismiss an action when a plaintiff fails to prosecute that action. Any dismissal of Safeway’s action would necessarily be “with prejudice” because the two-year statute of limitations, see Ala.'Code 1975, § 6-2-38(1), has run on Safeway’s subrogation claim. See Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987) (explaining that a dismissal under Rule 41(b), even if specifically described as “without prejudice,” is, in effect, “with prejudice” if the statute of limitations has run on the claim); Hardin v. Metlife Auto & Home Ins. Co., 982 So.2d 522, 527 (Ala.Civ.App.2007) (explaining that the statute of limitations on an insurer’s subrogation claim against a third-party tortfeasor begins to run at' the time o'f the accident giving rise to the claims of the insured). Our supreme court has explained that “the plaintiffs conduct must mandate the dismissal” of the action-and has further reiterated the rule espoused by the Fifth Circuit Court of Appeals that a trial court “may dismiss with' prejudice an action ‘only in the face of a cléar record of delay or contumacious conduct by the plaintiff.’ ” Smith v. Wilcox Cnty. Bd. of Educ., 365 So.2d 659, 661 (Ala.1978) (quoting Durham *1232 v. Florida East Coast Ry., 385 F.2d 366, 368 (5th Cir.1967)).
Nunnelley relies on Safeway’s actions or failures in the district court to support his argument that Safeway delayed the proceedings to the point that dismissal of the appeal to the- circuit court is an appropriate sanction. ' However, Safeway’s appeal to the circuit court began the action anew, as if the district-court action never occurred, and “ ‘all errors committed in the inferior court are deemed to have been waived.’ ” Williams v. Deerman, 587 So.2d 381, 383 (Ala.Civ.App.1991) (quoting Alabama Equity Corp. v. Hall, 46 Ala.App. 143, 147, 239 So.2d 215, 218 (Ala.Civ.App.1970)). Nunnelley has not presented any support for a conclusion that Safeway has failed to prosecute the appeal in the circuit court, and, thus, he has not established a clear legal right to have the circuit court dismiss Safeway’s appeal to the circuit court.
Nunnelley has, however, established that he is entitled to an order compelling the circuit court to disallow, at least in part, the amended complaint Safeway filed in the circuit court. Safeway initially filed its complaint in the district court, a court of limited jurisdiction that has jurisdiction over monetary claims not exceeding $10,000. Ala. Code 1975, § 12-12-30. Rule 13(j), Ala. R. Civ. P., specifically .limits a plaintiff who -appeals a district-court judgment to the circuit court to recovery in the circuit court of no more than the jurisdictional limit of the district .court. That rule provides, in pertinent part:
“If the plaintiff appeals a case to the circuit court from a lower court and obtains a trial, de novo in the circuit court, the plaintiff shall be limited in the amount of his recovery t.o the jurisdictional amount that .could have been claimed and- recovered ⅛ the lower .court; .unless the defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court.”
Our supreme court has explained that, under Rule 13(j), a plaintiff who initially seeks relief in the district court has “willingly limited his damages to [the jurisdictional limit of the district court] in exchange for bringing his action in [the district Court]” even on appeal for a trial de novo in the circuit court, unless the defendant files a counterclaim in excess of the jurisdictional limit of the district court. Ex parte Loftin, 540 So.2d at 67. The right to an appeal for a trial de novo does not permit the appealing plaintiff to bring an entirely new action against the defendant. Butler, 630 So.2d at 416. Nunnelley has not asserted any counterclaim against Safeway; thus, Safeway is not en titled to amend its complaint to seek $18,479.45 in damages from Nunnelley. Safeway'is permitted to amend its complaint to seek up to $10,000, the jurisdictional limit of the district court. Thus, the circuit court is instructed to limit the damages sought by Safeway in its amended complaint to $10,000. See Ex parte Allstate, 443 So.2d 939, 941 (Ala.1983) (granting a petition for the writ of mandamus to limit an appealing plaintiff from seeking damages in excess of the jurisdictional limit of the district court). •
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. At that time, the monetary limit of the district court's jurisdiction was $5,000. The limit was increased to $10,000 in 1995.