PITTMAN, Judge.
Susanna Mendia ("the wife") appeals from an order of the Dale Circuit Court denying her motion for relief from a default judgment entered in favor of Edward Encarnacion ("the husband") in a divorce action initiated by the husband in January 2015. We reverse and remand with instructions.
In January 2015, the husband initiated the divorce action against the wife, alleging in his complaint that the parties married in Georgia in June 2012; that a daughter had been born to the parties in September 2013; and that both parties were Alabama residents and had been for the preceding six months. As to the jurisdictional basis for seeking a judgment of divorce, see generally Ala. Code 1975, § 30-2-1(a), the complaint alleged grounds under subsections (7) and (9) of that statute:
"That there presently exists between the parties hereto such a complete and irrevocable incompatibility of temperament that the parties can no longer live together as husband and wife, that any further attempts at reconciliation would be impractical or futile in that the parties no longer fully communicate with each other, their attitudes and priorities conflict, they cannot be in each other's presence without fussing and quarreling, and that they have such a wide divergence of interests and no common goals in life and that these differences have caused an irretrievable breakdown of their marriage."
The husband sought a judgment divorcing him from the wife, an equitable division of *160 the marital property, an award of sole physical custody of the parties' daughter, and an award of child support.
The husband provided his counsel an address for service upon the wife of Post Office Box 1211, Port Hueneme, California 93044 ("the post-office box"). Counsel, in turn, provided the address of the post-office box to the trial-court clerk for purposes of serving a summons and a copy of the complaint upon the wife. The record contains a copy of a certified-mail return receipt, mailed from Santa Barbara, California, on January 29, 2015, and filed in the trial court on February 3, 2015, that bears the wife's name, the post-office-box address, and the civil-action number; the fields on the receipt form indicating "Received by (Printed Name)," "Date of Delivery," and "Service Type" are blank, and there is no indication that "Restricted Delivery" had been sought. The receipt form contains a scrawled signature but no indication regarding whether the person who signed the form was an "Agent" of the wife or the "Addressee" listed.
On April 9, 2015, the husband filed an application for the entry of a default against the wife, supported by the affidavit of his counsel who testified that the wife had been served on January 29, 2015, but had failed to answer or otherwise defend the action within 30 days; the husband also moved for the entry of a divorce judgment, averring that "[a]ll documents have been filed that are required for the court to enter a final judgment."
On the next day, April 10, 2015, the husband filed, among other things, a Form C-33, "Request for Commissioner, Commission & Deposition," requesting that the clerk of the trial court appoint a notary public employed by the husband's attorney to serve as a commissioner to orally examine the husband. However, in the appellate record, the portion of the form to be executed by the trial-court clerk effectuating the appointment of the notary as a commissioner to take the husband's testimony does not bear the clerk's signature. The section of the form entitled "Deposition" bears the husband's signature and a certificate of the notary as "commissioner"; that section purports to detail the husband's oral testimony in the cause as follows:
"The [wife] and I are both over the age of nineteen years and are bona fide resident citizens of Dale County, Alabama, and have been such for more than six (6) months preceding the filing of the Complaint for Divorce in this case. We were married to each other on 27th day of June, 2012, in Columbus, Georgia, and that there has been one child born to us during our marriage, namely, [the daughter], whose date of birth is September 13, 2013. That the parties shall have joint custody of their child with the [husband] having the sole physical custody of the child and the [wife] having reasonable visitation. The [wife] is unemployed and has no income and so the [husband] is not requesting child support at this time so no child support is being ordered at this time. That the [wife] was served with a copy of the Summons and Complaint in this cause on January 29, 2015, by certified mail, more than thirty days prior to this date, and the [wife] has failed to appear, plead to or answer the Complaint to this date. I would ask this Court for a divorce by default."
The husband's recorded testimony does not indicate any grounds for the parties' divorce recognized in Ala. Code 1975, § 30-2-1(a), such as an irretrievable breakdown of the marriage, incompatibility, adultery, or domestic violence. Nonetheless, the trial court, within two hours of the filing of the Form C-33, entered a default against the wife and entered a default judgment in favor of the husband "upon the pleadings, *161 the written testimony taken before the Commissioner, and the default of the [wife]" and awarded, among other things, sole legal and physical custody of the daughter to the husband.
In August 2016, the wife sent a letter to the trial court inquiring how the default judgment could have been entered. The record reflects no further filings until October 2017, when the wife moved for relief from the default judgment pursuant to Rule 60(b)(4) and 60(b)(6), Ala. R. Civ. P., supported by her affidavit and a brief in support of the motion. As to Rule 60(b)(4), which authorizes relief from a judgment on the basis that the judgment is void, the wife contended that she had never been properly served; she testified in her affidavit that she had resided in Oxnard, California, on the date that the return receipt was postmarked; that she had never rented a post-office box; and that the signature appearing on the return receipt was not hers. In addition, the wife submitted as an exhibit to her affidavit an e-mail communication from a consumer-affairs specialist at the Oxnard post office verifying that the wife "was not registered to [the post-office box] in January-February 2015, and therefore could not have received any mail at that time through [that] P.O. Box." As to Rule 60(b)(6), which allows relief from a judgment for "any other reason justifying relief" not specified in another subsection of Rule 60(b), the wife generally asserted that the circumstances of the case warranted relief under the three factors specified in Kirtland v. Fort Morgan Authority Sewer Service. Inc., 524 So.2d 600, 605 (Ala. 1988), governing whether to set aside a valid default judgment. After the husband was served with the wife's motion, the husband generally denied the allegations set forth in that motion.
The trial court held a hearing on the wife's motion on January 23, 2018. During that hearing, the husband orally moved for the e-mail communication from the consumer-affairs specialist to be struck; that motion was not acted upon by the trial court. After the hearing, the trial court entered an order denying the wife's Rule 60(b) motion, stating that it had reviewed its records "and considered the arguments of [c]ounsel applying the three (3) pronged standard enumerated in Kirtland," but determining that the wife "ha[d] failed to meet the Kirtland standard"; the trial court made no determinations regarding the validity of the judgment. Also, the trial court noted that neither party nor the daughter had resided in Alabama since 2016 and, based upon that fact, relinquished continuing jurisdiction as to matters involving the daughter's custody.
The wife appeals, asserting that the grounds set forth in her motion for relief from the default judgment were improperly rejected by the trial court. The husband, for his part, contends that the wife did not adduce clear and convincing evidence that she was not served and that the trial court acted within its discretion in determining that the Kirtland factors did not warrant relief from the default judgment.
Our review of the record, however, has revealed a defect as to the trial court's subject-matter jurisdiction not discussed by the parties in their briefs. "Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu"; further, "[i]f a court is without subject matter jurisdiction, any judgment rendered therein is void." Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983).
In Helms v. Helms, 50 Ala. App. 453, 280 So.2d 159 (Civ. App. 1973), this court reviewed a divorce judgment entered following the filing of a complaint by a wife who alleged that the parties should be divorced because of an incompatibility of temperament. Although the husband admitted the jurisdictional averments in the *162 complaint, there was no evidence adduced at trial as to the ground for divorce asserted in the complaint, and this court held that the parties' agreement on the ground for divorce was an insufficient basis for the trial court in that case to have based a judgment of divorce. In so holding, this court cited as authority Ala. Code 1940 (Recomp. 1958), tit. 34, § 26 ("[n]o decree [of divorce] can be rendered on the confession of the parties, or either of them"), which, in relevant part, remains a part of our Code (see Ala. Code 1975, § 30-2-3 ), and we quoted Meares v. Meares, 256 Ala. 596, 598, 56 So.2d 661, 662 (1952), for the proposition that " '[t]he jurisdiction of a court of equity to grant a divorce a vinculo matrimonii does not exist independent of the statute, and it is essential that jurisdictional facts affirmatively appear from the record.' " Helms, 50 Ala. App. at 455, 280 So.2d at 161.
More recently, this court relied upon the holding in Helms in reviewing a default divorce judgment that was entered by a trial court as a discovery sanction pursuant to Rule 37, Ala. R. Civ. P. See Johnson v. Johnson, 168 So.3d 61 (Ala. Civ. App. 2014). The judgment in that case stated that it had been entered " 'on consideration of the pleadings and hearing held for sanctions,' and not upon any other evidence." 168 So.3d at 64. Noting that this court had not been "directed by the parties to any evidentiary support for the ground for divorce contained in the judgment" (i.e., incompatibility of temperament) and that, "[w]ithout such evidence being provided, the trial court could not divorce the parties," id. (emphasis added), we concluded that the divorce judgment could not stand; we further noted the mandatory requirement of Rule 55(e), Ala. R. Civ. P., that "[n]o judgment by default ... be entered against ... parties to an action for divorce ... unless the claimant establishes the party's claim or right to relief by evidence." 168 So.3d at 64.
In this case, as was alleged in Johnson, the husband alleged in his complaint in this case that the parties should be divorced based upon "no-fault" grounds recognized for granting a divorce under Alabama law, i.e., incompatibility of temperament and an irretrievable breakdown of the marital relationship. However, at the time the trial court entered the default judgment in favor of the husband, the record reflects that no testimony in support of those grounds had been adduced, even assuming the validity of the Form C-33 that lacked any appointment by the clerk of the notary public/employee of the husband's counsel as a commissioner to take testimony under Rule 43(a), Ala. R. Civ. P. Because, as this court noted in Helms, jurisdictional facts must be established by the evidence in order for a trial court to enter a valid judgment of divorce, and because those jurisdictional facts are lacking here, we conclude that the trial court's default judgment is void for lack of subject-matter jurisdiction regardless of whether it might be void or due to be reversed on the bases urged by the wife on appeal.
Because the default judgment entered in favor of the husband on April 10, 2015, in this case is void for lack of subject-matter jurisdiction, we reverse the trial court's order to the extent that that court denied relief under Rule 60(b)(4), Ala. R. Civ. P. We remand the cause with instructions to the trial court to vacate the default judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.